JOSEPH MULLIKEN, Respondent, v. ASA HULL & CO., Appellants.

Under our system of pleading, it is only necessary that the cause of indebtedness should be stated in such a manner as to apprise the defendant of the object of the suit.

The plaintiff alleged that "Hull & Co." were indebted to him, but failed to prove that there were others in company with Hull in the transaction. *Held*, that the words "and Company" might be treated as surplusage, and the action proceed as against Hull alone.

If a judgment entered be irregular, as embracing more parties than the testimony justifies, the proper practice is to move to correct the judgment in the Court below.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

The facts appear in the opinion of the Court.

*Samuel H. Brodie*, for Appellants, cited Murray *v.* Bogart, 14 Johns., 318.   5 Halst., 295.   2 Penn., 870.   3 Mo., 207.   8 T. R.,

508.   8 Yerg., 101.   15 Maine, 80.   2 Saund., Pl. and Ev., 962.
Crandall v. Beach, 7 How. Pr. R., 271.

*Jesse McHenry*, for Respondent.
No brief on file.

BRYAN, J., delivered the opinion of the Court.   MURRAY, C. J., and
HEYDENFELDT, J., concurred.

In this cause, the plaintiff, in the Court below, alleged in his com-
plaint, that Asa Hull & Co., were indebted to him in the sum of three
hundred and ninety-eight dollars, on account of the lightering of brick,
sand, and lumber, from Mission Creek, county of San Francisco, to
Main-street Wharf, in San Francisco.   He also alleges, that the de-
fendants, other than Hull, are unknown to him, and begs to be per-
mitted to insert their names when ascertained.   Upon the trial, the
plaintiff is not able to prove that others were connected with Hull in
the agreement for lightering, and having failed in this, he goes on to
establish an agreement between himself and Hull, as to lightering
brick, &c.   This was objected to by defendants' counsel, and an excep-
tion taken to the ruling of the Court.

The action having been commenced prior to the first day of July,
1854, is not affected by the amendments to the Practice Act, passed
during the sessions of the Legislature for the years 1853 and 1854.
Under our system of pleading, it is only necessary that the cause of
indebtedness should be stated in such a manner as to apprise a defend
ant of the object of the suit.

The plaintiff may well have thought, that there were others in com-
pany with Hull in the transaction, and yet fail to prove it upon the
trial.   Hull, it seems, he knew; and then seeks to show that Hull
agreed to pay him for his labor.   The words in the complaint, " and
Company," might well be treated as surplusage, and the action pro-
ceed as against Hull alone.

Were there others in company with Hull, it was competent to pro-
ceed against him alone for the debt, in the absence of a demurrer for a
defect of parties.   No injury could occur from this course, as Hull, if
he has copartners in the transaction, can force them to contribute their
portion.   The variance, if any, between the pleadings and proof is too

slight to allow us to disturb the judgment. We cannot perceive that the Court below has abused its discretion in refusing to grant a new trial. If the judgment entered be irregular, as embracing more parties than the testimony justified, the proper practice would have been, to have moved to correct the judgment in the Court below.

HEYDENFELDT, J. I think the judgment ought to be affirmed. The *allegata* and *probata* do correspond fully. A joint contract is declared upon, and is sufficiently proved; because the phrase "Hull & Co." imports more than one person. It is true, that the plaintiff failed to discover the other parties against whom he had declared by fictitious names. This might have been cured by Hull, if he wished to protect himself; but failing to do so, unless a judgment was allowed against him, it would defeat the objects of the statute, which allows unknown parties to be sued by fictitious names, and this is one of the very cases for which the statute was made.

Judgment is affirmed.