### COUGHLIN v. BLUMENTHAL et al.

(Circuit Court, D. Delaware. October 24, 1899.)

MASTER AND SERVANT—INJURIES TO SERVANT—ACTION—PLEADING—DEMURRER.

The degree of particularity required of the pleader largely depends on the circumstances of each case. A defendant is entitled to be apprised with reasonable particularity of the case against which he is called on to make defense, not only to prevent surprise at the trial but to obviate the labor and expense of preparing himself against claims on which the plain-tiff may have no thought of relying. At the same time the right of a defendant to be informed of the issue he is called on to meet is not to be so extended as to require from the plaintiff such particularity of averment as, while not necessary to enable the defendant properly to prepare his defense, may unduly burden the plaintiff and needlessly subject him to the peril of a fatal variance at the trial.

(Syllabus by the Court.)

Action by Catharine A. Coughlin, by James Coughlin, as her father and next friend, against Ferdinand Blumenthal and another, trading as F. Blumenthal & Co. Defendants demur to the declara-tion. Demurrer sustained.

Levi C. Bird, for plaintiff.

Leonard E. Wales, for defendants.

BRADFORD, District Judge. This is an action on the case brought by Catharine A. Coughlin, a minor, through her father as next friend, against the firm of F. Blumenthal & Company; to recover damages for personal injuries alleged to have been sustained by her through the negligence of the defendants while in their employ. The declaration contains three counts, all of which have been spe-cially demurred to for want of particularity. The first count al-leges, among other things, that the defendants operated a certain morocco factory, "wherein they ran and operated certain dangerous glazing machines"; and that Catharine A. Coughlin, a minor, was employed by them to work in their factory. It then proceeds:

"By and through the negligence and carelessness of the said defendants in ordering and permitting the said Catharine A. Coughlin to work at and with a certain dangerous glazing machine and machinery, at their said morocco factory * * * without having properly instructed her as to her duties in connection with the use and operation of said machine and machinery, and without having properly explained to her and warned her of the risk and dan-ger incident thereto, she, the said Catharine A. Coughlin, being then and there a minor, under the age of twenty-one years, and ignorant of the risk and danger·attendant upon and incident to the operation of the said machine and machinery, while at work for the said defendants at their morocco factory

in obedience to the orders and directions of the said defendants, and while in the exercise of due care and caution on her part, had one of her fingers mashed and mangled, and was otherwise hurt, cut, crushed, wounded and injured by the said glazing machine and machinery, then and there in motion, at and with which the said Catharine A. Coughlin was then and there working," &c.

The second count, after alleging among other things that the defendants carried on the business of manufacturing morocco at their factory and used and operated therein "certain dangerous glazing machines and machinery operated by steam power" and that Catharine A. Coughlin, a minor, was employed by them, proceeds as follows:

"By and through the negligence and carelessness of the said defendants, in not providing and enforcing proper rules, regulations and methods of operating their said glazing machines, and the machinery therewith connected, she, the said Catharine A. Coughlin, being then and there a minor, unacquainted with the use and operation of machinery, and ignorant of the danger and risk attendant thereupon, was, while herself in the exercise of due care and caution, badly cut, crushed, bruised, wounded and injured, crippled and disfigured by a certain dangerous and unsafe glazing machine then and there being operated by the said defendants at their factory * * * at and with which she, the said Catharine A. Coughlin, was set to work by the said defendants, and had one of the fingers of her hand badly hurt, mashed and injured by said machine." &c.

The third count, after alleging among other things the nature of the business of the defendants and the employment of Catharine A. Coughlin, states:

"By and through the negligence and carelessness of the said defendants in suffering and permitting a certain glazing machine to be and remain out of repair and order, broken, defective and dangerous after they knew, or by the exercise of proper care and inspection might have known thereof, she, the said Catharine A. Coughlin, who was then and there a minor, inexperienced in the operation of machinery, and ignorant of the risk and danger connected therewith, while at work at and with the said defective and dangerous machine, in obedience to the orders and instructions of the said defendants, and without negligence on her part, had one of her fingers badly crushed and injured by said machine, by reason of the defective condition thereof—said machine being then and there rapidly moved by steam power—and was otherwise badly cut," &c.

The degree of particularity required of the pleader largely depends on the circumstances of each case. A defendant is entitled to be apprised with reasonable particularity of the case against which he is called on to make defense, not only to prevent surprise at the trial but to obviate the labor and expense of preparing himself against claims on which the plaintiff may have no thought of relying. At the same time the right of a defendant to be informed of the issue he is called on to meet is not to be so extended as to require from the plaintiff such particularity of averment as, while not necessary to enable the defendant properly to prepare his defense, may unduly burden the plaintiff and needlessly subject him to the peril of a fatal variance at the trial. Lore, C. J., in delivering the opinion of the court in King v. Railway Co., 1 Pennewill (Del.) 452, 41 Atl. 975, well says:

"The plaintiff must set forth in his declaration the facts of his claim, with such certainty as reasonably to inform the defendant what is proposed to be proved in the case; so that the defendant may have a fair opportunity to meet

such facts in preparing his defense. It is the purpose of pleading to reasonably and fairly disclose the facts of the case and not to conceal them. Pleadings should not be used as the means of concealing the facts by vague and general terms. Time, place and circumstances, so far as relied on and within the knowledge of the party, must be specified; and that, too, with reasonable fullness and fairness. Any other rule would make pleading the medium of concealing the facts of the case, except so far as might be necessary to bring it within the least possible legal certainty. * * * We do not mean to say that the plaintiff is always bound to set forth facts or circumstances, the knowledge of which is more properly or peculiarly in the opposite party, or to detail the circumstances minutely; but that such circumstances, as he does know and must have contemplated and relied on when he framed his declaration, and are reasonably necessary for the defendant's information, should be specified with reasonable certainty. To this he is unquestionably held by all the rules of good pleading."

Another elementary rule of pleading requires that, when a declaration or any of its counts is reasonably susceptible of two or more constructions, that construction shall be adopted which is least favorable to the pleader. The application of these principles will readily determine the questions raised by the demurrer.

The first count in referring to a dangerous glazing machine must be restricted to a glazing machine not out of repair or order, defective or broken, but which in its principle of construction or essential nature is, when normally operated, dangerous. Danger must inhere in the machine when properly run. This count as it now stands would not cover danger resulting from any unusual speed at which the machine may have been run, nor from any defect other than one of construction in the machine or machinery connected with it, nor from any shaking of the building or floor, nor from any other cause than the inherent nature of the machine and machinery immediately connected with it as normally operated. Such being the proper construction of the first count, the defendant is apprised of the case the plaintiff proposes to make thereunder, and it is not an unreasonable requirement that the defendants should be prepared, as occasion may require, to show by proof the character of the glazing machine with respect to danger when normally operated. Aside from latent defects, they are chargeable with knowledge of the general character as to danger or otherwise of the machinery they employ when properly run. Greater particularity is not required of the plaintiff in the first count, and the demurrer as to it must be overruled.

The same considerations apply to the second count. With respect to this count, however, the defendants claim that it should have set forth the "specific negligent act or omission on their part" as to providing or enforcing rules, regulations and methods of operating the glazing machine and machinery therewith connected, on which the plaintiff relies. Clearly this contention cannot be sustained. The defendants are charged with negligence in not providing and enforcing proper rules, regulations and methods of operating their glazing machines. It would not be practicable for the plaintiff to specify any rule, regulation or method of operation in this connection. In so far as it may be material that some proper rule, regulation or method of operation should have been provided or enforced, the defendants have full opportunity, if able, to show the existence of

such rule, regulation or method, and its enforcement. The demurrer as to this count must be overruled.

Different considerations apply to the third count. In this count the defendants are charged with negligence in "suffering and permitting a certain glazing machine to be and remain out of repair and order, broken, defective and dangerous." They are not chargeable with knowledge of what the plaintiff's witnesses will testify to in this regard and are entitled to be informed, not necessarily in minute detail, but, at least, generally of the character of the defect which caused the alleged injury, in order that the defendants may be fairly apprised of what they have to meet. It must be assumed, in the absence of anything to the contrary, that the plaintiff has knowledge of the general nature of the defect of which complaint is made; and to require it plainly to be averred imposes no unreasonable burden; while the omission of such requirement would involve hardship to the defendants. The demurrer must be sustained as to the third count, with leave to the plaintiff within five days to amend the declaration.