DE LUCA v. HUGHES et al.

(Circuit Court, D. Delaware. October 24, 1899.)

MASTER AND SERVANT—INJURIES TO SERVANT—ACTION—PLEADING—DEMURRER.
   An averment in a declaration, in an action to recover damages for personal injuries resulting from negligence, that the defendants negligently omitted to provide the plaintiff, who was their employee, with safe and suitable machinery and appliances for raising an anchor and chain of a certain dredge in the course of their business, whereby one of the legs of the plaintiff was caught by the anchor chain and injured, is demurrable for want of particularity.

(Syllabus by the Court.)

Action by Aristidi de Luca against Eugene Hughes and others. Defendants demur to the declaration. Demurrer sustained.

William S. Hilles, for plaintiff.
Leonard E. Wales, for defendants.

BRADFORD, District Judge. This is an action on the case brought by Aristidi de Luca against the firm of Hughes Bros. & Bangs to recover damages for personal injuries alleged to have been sustained by him through the negligence of the defendants while in their employ. The declaration contains seven counts, the second, third, fourth and seventh of which have been specially demurred to for want of particularity. At the hearing the third count was abandoned by the plaintiff. The second count alleges, among other things, that the defendants are engaged in carrying on the business of quarrying and transporting stone, and while so engaged employed the plaintiff as a laborer. It then proceeds as follows:

"That to the said plaintiff, so employed as aforesaid, the said defendants owed the duty of providing him with safe and suitable machinery and appliances, yet the said defendants * * * negligently and carelessly neglected and omitted to provide the said plaintiff with safe and suitable machinery and

appliances for raising the anchor and getting in the anchor chain used to hold a certain barge used by the said defendants in their said business, whereby the said plaintiff, who was then and there * * * in the exercise of due care and caution on his part, had one of his legs, to wit, his right leg, caught by the said anchor chain, and thereby the said right leg of the plaintiff was mangled," &c.

The fourth count after setting forth the character of the business of the defendants and the employment by them of the plaintiff as a laborer, alleges:

"While so employed it became the duty of the said defendants not to subject the said plaintiff in his said employment to any unnecessary risks, or any risks against which he could 'be guarded by reasonable diligence on the part of the said defendants, yet the said defendants * * * ordered and directed this plaintiff to assist in taking up the anchor of a certain barge or scow at a time when owing to the condition of the weather it was hazardous and dangerous so to do, and with appliances so defective and improper for that purpose, and without sufficient assistance to the said plaintiff, whereby the said plaintiff, who was then and there * * * in the exercise of due care and caution on his part, had his right leg caught between the said anchor chain and a cleat on the said barge or scow, and thereby the right leg of the plaintiff was mangled," &c.

The seventh count after alleging the nature of the business of the defendants and the employment by them of the plaintiff as a laborer, proceeds as follows:

"That while so engaged as aforesaid the said defendants then and there used a certain scow or barge for the purpose of floating a certain derrick or crane; that while the said barge or scow was lying at anchor in the Delaware Bay * * * at a time when the conditions of weather made it improper so to do, the said defendants not regarding their duty to this plaintiff negligently and carelessly directed this plaintiff to raise a certain chain and anchor of great weight by which the said barge or scow was moored, and with appliances and machinery totally unfit therefor, and at the time, and without the knowledge of this plaintiff, negligently and carelessly permitted and suffered a certain large and strong tug boat known as the 'Bangs' to be pulling upon the said scow or barge, and thereby upon the said chain and anchor, whereby a certain improper and inadequate iron bar furnished by the said defendants to the said plaintiff for the purpose of holding the anchor and chain, and through them the barge or scow aforesaid, broke, and thereby the said plaintiff, who was in his occupation aforesaid in the exercise of due care and caution on his part, had one of his feet or legs caught between the said chain and a cleat on the said barge or scow, and thereby the said leg of the plaintiff was mangled," &c.

The principles applicable to the questions raised by the demurrer in this case were stated by this court in Coughlin v. Blumenthal (this day decided on demurrer) 96 Fed. 920, as follows:

"The degree of particularity required of the pleader largely depends on the circumstances of each case. A defendant is entitled to be apprised with reasonable particularity of the case against which he is called on to make defense, not only to prevent surprise at the trial but to obviate the labor and expense of preparing himself against claims on which the plaintiff may have no thought of relying. At the same time the right of a defendant to be informed of the issue he is called on to meet is not to be so extended as to require from the plaintiff such particularity of averment as, while not necessary to enable the defendant properly to prepare his defense, may unduly burden the plaintiff and needlessly subject him to the peril of a fatal variance at the trial."

The second count does not reasonably apprise the defendants of the case the plaintiff proposes to make. It alleges negligence on the part of the defendants in omitting to provide the plaintiff with safe

and suitable machinery and appliances for raising an anchor and getting in the anchor chain used in connection with a certain barge employed by the defendants in their business, whereby the plaintiff had his right leg caught and injured by the anchor chain. This statement is too general and indefinite. It is not alleged that the injury to the plaintiff resulted from the breaking of any chain or other appliance, nor is there any specification of any machinery or appliance as unsafe or defective, or of the nature of any defect or danger inherent in the machinery and appliances used for raising the anchor and getting in the anchor chain. The defendants are left wholly in the dark as to the question of fact they will be called on to meet at the trial. Similar considerations apply to the fourth count. As to both of these counts the demurrer must be sustained.

The seventh count, however, while general and indefinite in its earlier part is cured as to such generality and uncertainty by the averments contained toward its close, where it is stated that the injury to the plaintiff resulted from the breaking of "a certain improper and inadequate iron bar furnished by the said defendants to the said plaintiff for the purpose of holding the anchor and chain, and through them the barge or scow aforesaid." The demurrer as to this count must be overruled. Leave will be granted to the plaintiff to amend the declaration within five days.