# Fuller, *et al, v.* Varnum.

*Bill to Redeem Lands from Foreclosure Sale.*

(Decided July 6th, 1906.  41 So. Rep. 777.)

1. *Mortgages; Foreclosure; Redemption; Bill.*—The bill avers that the mortgage which was foreclosed was given to secure an indebtedness of $174.25, on which there was a credit; a sale under foreclosure and purchase of lands for $200; a tender to the proper parties of $249.00 for the purpose of redemption. Held, not subject to dismissal for failure to allege a tender of the purchase money, 10 per cent, etc.

2. *Same; Possession.*—The bill alleges that the lands mortgaged was the homestead of complainant's father, who died in possession thereof the same year of the foreclosure; that it was all the land owned by the parent, and did not exceed 160 acres in area, or $2,000 in value, and that the parent owned less than $1,000 worth of personal property; that the parent left a widow and seven minor children, of whom complainant

[Fuller, *et al.* v. Varnum.]

was one, Held, the bill was not subject to motion to dismiss for failure to allege who was in possession of the land at the time of foreclosure, or of the filing of the bill.

3. *Same; Surrender of Possession.*—Until demand has been made by the purchaser, or his vendee, for possession of the land sold under the mortgage no duty rests upon one in possession to surrender, as a condition precedent to such a one's right to redeem.

APPEAL from Houston Chancery Court.

Heard before Hon. W. L. PARKS.

Bill by M. T. Varnum against Charles E. Fuller and others. From a decree sustaining defendant's demurrer to the bill, but overruling their motion to dismiss for want of equity, they appeal.

This was a bill seeking to redeem certain lands described therein from foreclosure sale under the power contained in a mortgage executed by W. J. Varnum to J. S. Koonce. The allegations of the bill are, briefly, that W. J. Varnum executed a mortgage to Koonce on certain lands to secure an indebtedness of $174.25; the transfer of the mortgage by Koonce's heirs to Newton, and a transfer from Newton to Joe Baker; that some time in the year 1903 Varnum died, leaving surviving him a widow and seven children, including complainant, all of whom at that time were under the age of 21 years; that at the time of his death Varnum was in possession of this land, occupying it as a homestead, and that it did not exceed in area 160 acres, nor in value $2,000; that on November 28, 1903, Joe Baker sold the lands under the terms and powers of the mortgage at and for the sum of $200 to one J. F. Cochran, executing to said Cochran a deed to said land in the name of the mortgagors under the power in the mortgage; that in December, 1903, Cochran conveyed the lands to complainant's mother, and that before the filing of this bill complainant's mother executed and delivered a conveyance to respondents herein; that by reason of orator being one of the minor children of said Varnum at the time of his death, and the fact that said Varnum resided upon said land as his homestead, and that said land did not

22

exceed 160 acres in area and $2,000 in value, and that said Varnum owned less than $1,000 worth of personal property at the time of his death, orator became and is the owner or tenant in common of the equity of redemption in said land. The bill alleges that no demand was ever made for possession, and that complainant has tendered to the proper parties the sum of $249 for the purpose of redeeming said land, which tender has been declined. The respondents moved to dismiss the bill, and demurred to it: Because it does not appear that surrender was made of the land on demand and within 10 days thereafter; it does not aver that the complainant had paid into court the entire purchase price, with 10 per cent. interest per annum, and all other lawful charges, nor does it aver that the complainant is ready and willing to abide by the decree of the court; complainant does not offer to do it; it appears from the allegations of the bill that the complainant is not entitled to redeem from respondents the entire interest in or title to the lands.

R. D. CRAWFORD, for appellant.—Counsel discusses motion to dismiss but cites no authority.

ESPY & FARMER, for appellee.—No brief came to the Reporter.

TYSON, J.—This appeal is by the respondents from a decree sustaining their demurrer to the bill of complaint, but overruling their motion to dismiss it for want of equity.

It is first insisted that the motion should have been granted because the bill fails to aver that complainant tendered the purchase price paid at foreclosure sale, with 10 per cent. thereon; that it only avers a tender of $249, the price paid at said sale. In a previous paragraph, however, it is averred that only $200 was the purchase price paid at the foreclosure sale. The note and mortgage showing the amount of the mortgage debt is made an exhibit to the bill, and shows a credit thereon.

[Fuller, *et al.* v. Varnum.]

It is apparent from this showing that the averments of the bill may be amended so as to show that the amount tendered, to-wit, $249, included all lawful charges known to complainant at the date of the tender. If any taxes were paid by the purchasers, they could be also shown by an amendment to be included in the $249.

The other insistence, predicated upon the failure of the bill to show who was in possession of the land at the date of foreclosure or the filing of the bill, is also without merit. It is shown that complainant was one of the minor children at the date of the death of his father, the mortgagor, and that his father was residing upon the land at the date of his death, which occurred during the year the foreclosure sale was had; that it was his homestead and comprised all the lands owned by him. It is true it is not averred upon what day during the year 1903 the father died. His death may have occurred after the foreclosure, and if it did this would show that complainant was in possession with his mother and the other children of the land; and, as against the motion, we would be, perhaps, authorized to so hold. But, be this as it may, if this be a defect, it is such an one as may be cured by amendment; and clearly, if complainant was in possession of the land at the date of the foreclosure, there was no duty upon him to surrender that possession as a condition precedent to redemption unless a demand was made upon him to do so by the purchaser or his vendee. Section 3506 of the Code of 1896. The motion was properly overruled.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.