# ANTONIO FRANCESCHI Y FRANCESCHI, Complainant,

## *v.*

# WALTER McK. JONES ET AL., Dfts.

San Juan, Equity, No. 295.

MOTION TO DISMISS BILL.

**Pleading and Practice—Bill of Complaint—Allegations.**

    1. A bill in equity should state only the ultimate facts, **without** alleging matters merely of evidence.

**Pleading and Practice—Equity Rules—Code of Civil Procedure of Porto Rico.**

    2. A bill in equity which seeks the redemption of certain real property, but does not set out a description of the property except by reference to the bill of complaint in another and separate suit, is insufficient according to the new equity rules, and the defect is not cured by § 125 of the Code of Civil Procedure of Porto Rico.

**Pleading and Practice—Allegations of Bill of Complaint.**

    3. A bill of complaint for the redemption of property brought by a person other than the original mortgagor, as such a person stands in the shoes of the assignor, must clearly allege that the trans-ferrers were the owners of the property.

**Pleading and Practice—Allegations of Bill of Complaint.**

    4. While it is true that formal defects are not fatal if a good cause of action can be gathered from the pleading, a bill to redeem from a mortgage should set out the material terms of the mortgage.

**Tender—Insufficiency—Civil Code of Porto Rico.**

    5. Where a complainant tenders a sum which he deems sufficient, but fails to offer to pay such further sum as may justly be found due, he fails to offer to do equity and the tender is insufficient, § 1144 of the Civil Code of Porto Rico not being applicable in equity proceedings.

**Pleading and Practice—Offer to Redeem.**

    6. A complainant cannot offer to redeem a part of a mortgage; he

must offer to redeem the whole mortgage; but by article 125 of the Mortgage Law, as amended, he may redeem one parcel where the property consists of several, provided the mortgage is apportioned among the parcels.

Pleading and Practice—Bill of Complaint—Parties.

7. Where a bill of complaint includes certain parties as defendants, but fails to state a cause of action against them, they will be allowed to remain upon the record, as their presence will not affect the other defendants.

Pleading and Practice—Bill of Complaint—Conclusion of Law.

8. A bill of complaint is objectionable if it sets forth conclusions of law instead of the facts.

Opinion filed December 8, 1915.

———

*Mr. Francis E. Neagle* for motion.

*Mr. R. V. Pérez-Marchand* for complainant.

HAMILTON, Judge, delivered the following opinion:

A bill in equity under the new rules is to state only the "ultimate facts" upon which the complainant relies, without alleging matters merely of evidence. New Equity Rule 25. The motion to dismiss raises a number of points as to which it is alleged the bill is insufficient.

1. The first is that the bill does not contain a description of the property sought to be redeemed. The bill alleges that the complainant is the owner of a mortgage on a certain coffee plantation called Limon, situated in certain barrios of the municipality of Juana Diaz, and more particularly described in the bill of complaint in Pettingill v. Jones, ante, 183, No. 260 Ponce

Franceschi y Franceschi v. Jones.

Division. Complainant contends that this is sufficient under §
125 of the local Code of Civil Procedure, which reads as fol-
lows:

In an action for the recovery of real property, it must be de-
scribed in the complaint with such certainty as to enable an
officer upon execution to identify it.

Without passing upon the question whether it is sufficient
under this section, it is clear that the description is insufficient
under the rules of equity pleading. It is certainly improper
to refer to the description in another suit for better identifica-
tion, and the rule in the Code of Civil Procedure is sufficient
only for the purposes mentioned in that Code. That Code does
not cover equity procedure. This ground for the motion to dis-
miss must, therefore, be sustained.

2. It is further stated that the bill of complaint does not
allege any interest, or facts upon which any interest is based.
The bill sets out certain transfers to the complainant, and so far
is sufficient; but it does not clearly allege that the transferers
were the owners of the plantation in question. This must be
done in a bill for redemption brought by a person other than the
original mortgagor. Such a person stands only in the shoes of
the assignor, and must fully show in what such interest con-
sisted. Fuller v. Varnum, 147 Ala. 336, 41 So. 777.

3. A bill to redeem from a mortgage should set out the ma-
terial terms of the mortgage. It is true that formal defects will
not be fatal if a good cause of action can be gathered from the
pleading. Shea v. Nilima, 66 C. C. A. 263, 133 Fed. 209. But
a reference to another case in this court, no matter how perfect
the pleadings in this other case may be, is not sufficient to up-
hold the pleadings in the case at bar. Even at common law

the test of a complaint is whether it informed the defendant sufficiently of the nature of the demand, so that he may not be misled in preparing his defense. Mulliken v. Hull, 5 Cal. 245; Coughlin v. Blumenthal, 96 Fed. 920.

4. The bill sets up a tender, and the complainant pays into court a certain sum which he deems sufficient. It is undoubtedly true that for a redemption complainant need only tender in due season the correct amount of money, and if the amount is uncertain he should offer to pay what sum shall be found justly due. The local Civil Code, § 1144, is not sufficient in proceedings in equity. Leake v. Jones, 6 Porto Rico Fed. Rep. 580, 581. It does not appear in the case at bar that there is an offer to do equity, to pay any other sum if the court should find that some other sum is proper. Without this there is no sufficient tender, because the amount tendered is fixed, and, under the facts set out in the bill, the correct amount may prove to be different.

5. A further ground for the motion to dismiss is that the complaint does not offer to redeem the whole mortgage. The basis of this is that a mortgagee cannot be compelled to allow the redemption of a part of the property on payment of a proportionate part of the debt. He may insist upon the redemption of the entire estate. 27 Cyc. 1803. Under the Mortgage Law, art. 125, amended by Act No. 31 of 1912, redemption is allowed of one parcel where the property consists of several, provided the mortgage is apportioned among the parcels. In the case at bar, it is alleged that the complainant represents all the heirs of the original mortgagor with the exception of the interest which has already been covered by redemption in the case of Pettingill v. Jones, ante, 183, in this court. The question, there-

VIII. Porto Rico—20.

fore, is in some respects *res judicata,* and if there is any question, it is covered by the fact that Pettingill, representing the other interest in question, is made a party to the suit at bar. Leake v. Jones, 6 Porto Rico Fed. Rep. 570. The whole mortgage interest, therefore, is before the court. Rothschild v. Bay City Lumber Co. 139 Ala. 571, 36 So. 785.

6. It does not seem that the question of estoppel need be decided upon this motion to dismiss. It is true that it depends upon the proper construction of a paper set up as an exhibit to the bill of complaint, but this paper can be construed better when all the facts connected with its execution, and when probably other papers and transactions, are in evidence.

7. It is not made clear that Sarah P. Leake is a necessary and proper party defendant. The allegations and argument on this point are not sufficient for the court to support this objection at the present time.

8. It is alleged that there is a misjoinder of parties defendant, in that the bill of complaint states no cause of action against defendant Pettingill, and none against defendant Noyes, and asks no relief against them. In some jurisdictions, as in Alabama, it is held that a misjoinder of parties can be taken advantage of only by these parties themselves. Norwood v. Memphis & C. R. Co. 72 Ala. 563. The Porto Rican statute, copied in effect from the California statute, probably means, like it, that a defect or misjoinder of parties plaintiff or defendant can be taken advantage of by any party to the suit. Code of Civil Procedure, art. 105. It is doubtless true that a Code of Civil Procedure is not binding in a matter of equity procedure, but the local practice may furnish an analogy to courts of equity in proper cases. If the defendant's contention is correct that a

Franceschi y Franceschi v. Jones.

part interest in a mortgage cannot be redeemed, it must be at least proper for the other interests in the mortgage to be represented so as to be bound by the decree, so as to have the whole matter before the court. If all parties are before the court, it is not material how they are arranged upon the docket. The principal thing is to have the whole subject of litigation represented. It is not apparent that the presence of these defendants can injure their codefendants in any way, as their admissions would be good only against themselves, and costs can be taken care of in the final decree. It is not clear, therefore, that the presence of these parties upon the record is improper.

9. It is objected that ¶¶ 5, 6, 7, and 8 of the bill of complaint are irrelevant, immaterial, and impertinent, in that the allegations are of law, not of fact. The paragraphs seem, in part, at least, to adopt conclusions of law rather than of fact, and to make large reference to another suit in this court. Each case must stand upon its own merits. If there are facts which justify the plaintiff, he must state them, and not refer to another suit to strengthen this one. The opinion in any suit will be a guide to a court in determining a case before it; but each party is entitled to have the facts of his case tried independently. It may well be that facts apparently proven in one case may as between other parties be shown to be otherwise, on account of different evidence, or a different handling of the case. So far, therefore, as the suit at bar refers to and adopts the allegations of another suit, it is objectionable. The more especially is this true in a reference to the Pettingill Suit, ante, 183, No. 260 Equity at Ponce. That suit continued for many years, and the present incumbent of the bench found great difficulty in coming to a conclusion, in consequence of this fact, and

the various pleadings and rulings already in the case. He is unwilling to adopt the same difficulties into a new suit, and must require a succinct statement of all the facts upon which the plaintiff relies. There are some cases in which facts peculiarly within the knowledge of the other party need not be averred at length; but where these facts are matters of record in another suit, the rule can hardly be said to apply.

It follows, therefore, that the motion must be granted, unless the plaintiff amends within ten days to meet the view set out in this opinion.

It is so ordered.