# Worthington *et al.* *v.* Miller.

### *Bill in Equity to cancel Conveyance as Cloud on Title.*

1. *Bill to remove cloud from title; party must be in possession;
exception as to remaindermen.*—In order to maintain a bill
to remove a cloud from title, the complainant must be in
possession; but this rule is not applicable when a bill is

filed for such purpose by a remainderman pending the possession by the life tenant.

2. *Equity pleading; when demurrer properly overruled.*—Wr a demurrer pointing out a valid objection to some portions of a bill in chancery is directed to the entire bill, which contains equity for some purpose, such demurrer is properly overruled.

3. *Title acquired under judicial sale; can not be collaterally assailed for inadequacy of price.*—Title acquired under a judicial sale can not be collaterally assailed for inadequacy of price.

4. *Equity pleading; when there is no misjoinder of parties.*— Where on a bill filed to cancel a conveyance, it is averred that there was collusion and fraud between the parties named as defendants to the bill, which resulted in the making of the conveyance sought to be cancelled, the joinder of both of the parties to such a conveyance is not a misjoinder of parties.

5. *Same; misjoinder of parties personal defense.*—If there is a misjoinder of parties to a bill in equity, the question can alone be raised by the party who is improperly joined.

6. *Equity pleading; averments of cumulative evidence no ground for demurrer.*—Where a bill in equity avers facts which entitle the complainant to relief, it is no objection to the bill and affords no ground of demurrer thereto, that it avers cumulative facts.

7. *Bill to cancel deed; not necessary to offer to redeem although defendant's claim based on judicial sale.*—On a bill seeking to cancel and annul a deed of conveyance to certain lands, sold under an order of the court in payment of a judgment alleged to have been recovered by the purchaser, when it is averred that the claim of the purchaser was fictitious and simulated, and made for the purpose of defrauding the creditors of the judgment debtor, it is not necessary that the complainant in such bill should offer to redeem or to refund to the defendant the amount paid as the purchase price of the property.

APPEAL from the City Court of Birmingham, in Equity.

Heard before the Hon. CHAS. A. SENN.

The bill was filed by Mrs. E. E. Miller against Mrs. C. Worthington and W. H. Worthington to set aside a sheriff's deed made to said Mrs. C. Worthington, conveying to her the property of W. H. Worthington.

The bill alleges that on the 19th of April, 1895, and

for a long time prior thereto, the firm of Rosenstihl Bros., composed of William and John Rosenstihl, were creditors of W. H. Worthington in the sum of two hundred and fifty-nine and 44-100 dollars; that the debt had been due for a long time, when, on the 19th day of April, 1895, said Rosenstihl Bros. brought suit, and on the 11th day of June, 1895, they recovered judgment; that a certificate of such judgment was, on June 22d, 1895, duly filed in the office of the probate judge of Jefferson county, as provided by the statute, and became a lien on the property of W. H. Worthington; that execution was issued and returned "no property found," and an *alias* execution being issued on the 23d of February, 1897, was levied on the real estate described in the bill, which real estate consisted of several distinct parcels; that said property was duly sold by the sheriff in all respects as provided by law to satisfy said judgment, at which sale William and John Rosenstihl became purchasers of all of said property and received a sheriff's deed conveying to them the title and interest of W. H. Worthington in and to said property; that afterwards, on the ...... day of ............, 1899, said William and John Rosenstihl were duly adjudged bankrupt under proceedings therefor had by the district court of the United States; that said property was sold by proper order of said court, at which sale the complainant became the purchaser of the interest of the said Rosenstihls in the property and also in the judgment against W. H. Worthington, upon which a balance remained unsatisfied, and said property was conveyed to her by the trustee of the said bankrupt.

The bill alleges that but for the matters complained of in the bill W. H. Worthington had the full title to all the lots described in the bill except lot 19, in block 99, in which he had an undivided one-fourth interest, subject to the life estate of his mother, the said Mrs. C. Worthington; and that by the sales made by the sheriff and trustee in bankruptcy the complainant became entitled to the property.

The title and interest of the complainant being thus shown, the bill then avers that on the 26th day of April,

1895, and while W. H. Worthington was so indebted to Rosenstihl Bros., and while he was heavily involved in debt, and after Rosenstihl Bros. had brought their suit, and after divers other creditors had sued said Worthington, he, the said W. H. Worthington, and Mrs. C. Worthington, "for the purpose of hindering, delaying and defrauding the creditors of W. H. Worthington, and of putting his property beyond the reach of his creditors, and especially beyond the reach of said Rosenstihl Brothers, and other creditors, whose suits were pending, colluded and connived each with the other and as the effect of such scheme and collusion the said Mrs. C. Worthington, on the 26th day of April, 1895, filed suit against W. H. Worthington, claiming that he was indebted to her in a large sum of money, to-wit, more than seven thousand dollars; that process was served the same day, and, in pursuance of the scheme agreed on, he failed to plead, but did plead in all other cases, thereby postponing judgment in other cases while permitting his mother to obtain judgment by default, so that judgment was entered in favor of the mother on the 27th day of April, 1895, for $7,738.65; that on the same day that judgment was obtained by the mother, she caused to be filed a certificate of such judgment in the office of the probate judge, thus seeking to make said judgment a lien on all the property of W. H. Worthington; and on June 7th, 1895, she caused an execution to be issued and levied on all the property described in the bill, as well as on eight other lots; that she caused it to be sold by the sheriff to satisfy her judgment, and she bought in all of the property so levied for $3,500, and received a deed from the sheriff.

The bill then avers that the claim of Mrs. Worthington on which said judgment was based was "not in truth and in fact owing to her, and was a pretended and fictitious claim, gotten up for the purpose of placing the property of said W. H. Worthington beyond the reach of creditors; that in 1884 the father of W. H. Worthington conveyed all this property, except lot 19, in block 99, to the mother of W. H. Worthington, who

was then about fourteen years old; that the mother, as trustee, was charged with the management and control of this property for W. H. Worthington, until he should arrive at twenty-one years of age, or manifest such capacity as would render it safe to turn it over to him sooner, and that she executed a deed to him on August 10th, 1894, he then being just twenty-three years old; that the pretended debt, if created at all, was while this relation of trustee and *cestui que trust* existed, and while she was charged as trustee with the duty of saving and preserving it for him; that during all this time the mother was in receipt of all rents, issues and profits of the property, which rents and profits were large, the amount of which is unknown to complainant, and the account sued on shows not one dollar of credit for any receipt or income."

The bill further avers that the property thus acquired by Mrs. Worthington was of value greatly in excess of the amount bid by her at the sheriff's sale, and largely in excess of the entire sum claimed by her; that said W. H. Worthington was not in law and in fact indebted to his mother, but that the claim was pretended and fictitious, and was devised as a mode and scheme by which W. H. Worthington could place his property beyond the reach of his creditors, he being then largely in debt, and could place it in the name of his mother, to hold for his use and benefit.

The prayer of the bill is that the pretended judgment of Mrs. C. Worthington be declared inoperative, so far as it affects the judgment obtained by Rosenstihl Bros., and that the sale and deed made by the sheriff to her be declared inoperative, and of no force, so far as the same affects the title of complainant or the balance due on her judgment. There was also a prayer for general relief.

BOWMAN, HARSH & BEDDOW and F. D. NABORS, for appellant.—The bill does not show that complainant is in possession, and is a bill to remove a cloud from a title. That this cannot ordinarily be done will, perhaps, be conceded. We, however, cite the following au-

thorities, which are conclusive on the subject: *Teagle v. Martin*, 87 Ala. 500; *Plant et al. v. Barclay*, 56 Ala. 561; 7 Am. & Eng. Ency. Law, § f, p. 159; *Goodbar, White & Co. v. Daniel*, 88 Ala. 583; *Stokes v. Jones*, 21 Ala. 735; *Betts v. Nichols et al.*, 84 Ala. 278; *Bergan v. Jeffries*, 80 Ala. 349; *Lehman, Durr & Co. v. Shook*, 69 Ala. 493.

This court will not entertain a bill and lend its active aid to complainant to make her the absolute owner of over seven thousand dollars' worth of property, taking that much away from others, on a purchase price of one hundred dollars at execution sale under a judgment for two hundred and fifty dollars, she owning the judgment, unless she would offer to do equity by offering to cancel her deed, provided her judgment with interest be paid. The authorities last above cited seem to us to contain this principle, though not applied directly as it would have have to be applied in the case at bar. We find the following principle stated, viz.: While gross inadequacy of price might not enable a court to declare the title to land void, it will yet restrain them from lending their aid to remove cloud from such title.—*Huntington v. Allen*, 44 Miss. 654; *Burt v. Collins*, 39 Fed. Rep. 538. It is said that to entitle a party to this relief it must appear that the contract was fair, just and reasonable, and founded upon an adequate consideration. Thus a court of chancery will not use its powers to complete a speculation which is already too fortunate to obtain its favorable regard.—*DeGrann v. Mecham*, 48 N. J. Ep., 224; *Smith v. Vreeland*, 1 C. E. Green 204 (16 N. J. Eq.); *Dunlap v. Kelsey*, 5 Cal. 181; *Orton v. Smith*, 18 How. (U. S.) 263; 1 Story Equity Jur., § 64e; *Reed v. Tyler*, 56 Ill. 288; *Grider v. Am. Freehold Land Mort. Co.*, 99 Ala. 281; *Watts v. Bonner*, 6 So. Rep. 187 (Miss.).

GEORGE A. EVANS, *contra.*—Where a life estate is outstanding, the remaindermen cannot sue in ejectment to try validity of a deed purporting to convey the entire estate, but to remove such a cloud may file a bill in equity.—*Woodstock Iron Co. v. Fullenwider*, 87 Ala. 586; *Lansden v. Bone*, 104 Ala. 448.

Having jurisdiction as to part the court will have jurisdiction as to all.—*Shipman v. Furniss,* 69 Ala. 562; *Price v. Carney,* 75 Ala. 554.

To a bill to set aside a fraudulent conveyance the fraudulent grantor, if not a necessary party, is a proper party.—*Handley v. Heflin,* 84 Ala. 600; *Coffey v. Norwood,* 81 Ala. 515; *Pharis v. Leachman,* 20 Ala. 662.

A judgment creditor has the election either to file a bill to set aside a fraudulent conveyance before sale, or to proceed to sell and then test the validity of the conveyance.—*Betts v. Nichols,* 84 Ala. 278; *Ladd v. Smith,* 107 Ala. 506; *Gilliland v. Fenn,* 90 Ala. 236.

Inadequacy of price paid by complainant for the property is no ground for collateral attack and is no reason why she should not maintain her bill.—*Howard v. Corcy,* 126 Ala. 283.

DOWDELL, J.—The bill in this case was filed for the purpose of removing cloud from complainant's title. The general rule in such cases is, and one too well settled by the adjudications of this court to admit of question, that a party out of possession cannot maintain the bill.—*Plant et al. v. Barclay,* 56 Ala. 561; *Smith v. Cockrell,* 66 Ala. 64; *Griggs v. Swindall,* 67 Ala. 187; *Pettus v. Glover,* 68 Ala. 417; *Betts v. Nichols,* 84 Ala. 278; *Teague v. Martin,* 87 Ala. 500. There are, however, exceptions to this rule, one of which being that a bill filed by a remainderman pending the possession by the life tenant.—*Lansden v. Bone,* 90 Ala. 448; *Woodstock Iron Co. v. Fullenwider,* 87 Ala. 586-7.

As to all of the land described in the bill, except the parcel designated as "lot 19 in block 99," the complainant has her remedy at law in an action of ejectment, or the corresponding statutory action in the nature of ejectment, and, therefore, the bill is without equity save as to lot 19 in block 99. The bill shows that the respondent Caroline Worthington is rightfully in possession of this particular lot as a life tenant, and the complainant's claim of title is that of a remainderman. The demurrer, however, which raises the question of complainant's remedy at law, is directed to the entire bill,

and for that reason was properly overruled, since the bill contained equity as to lot 19 in block 99.

The complainant's title was acquired under a judicial sale, and cannot be collaterally assailed for inadequacy of price paid.—*Howard v. Corey*, 126 Ala. 283. The bill alleges that the deed of Mrs. Worthington, which constitutes the cloud on complainant's title, was obtained through fraud and collusion with her son, W. H. Worthington. It is charged that Mrs. Worthington on a pretended and fictitious claim against her son, W. H. Worthington, by collusion with the said W. H. for the purpose of defrauding his creditors and covering up his property, obtained a judgment against said W. H. and under execution on said judgment, had the property in question levied upon and sold, she becoming the purchaser and receiving a sheriff's deed at such sale. The charges are that the claim against her son was a pretended and fictitious one, and that in fact she paid no consideration for the property. If this be true, and these averments are taken as confessed on demurrer, she is in no position to complain of the smallness of the price bid and paid at an execution sale by a creditor against W. H. Worthington, made subsequent to her collusive judgment and execution sale. The value of the property was depreciated by her own conduct.

There is nothing in the demurrer as to misjoinder of parties respondent. Analogous to a bill to set aside a fraudulent conveyance, under the allegations of collusion and fraud in the present bill whereby the alleged cloud was created, the collusive debtor occupies the position of the fraudulent grantor, and though not an essential party, is not an improper party defendant. Moreover, an improper joinder of W. H. Worthington as a co-defendant with Mrs. Worthington cannot be taken advantage of on demurrer by the latter. If he were improperly joined, he alone could raise the question. There is no appeal in the case by him; the appeal is taken in the name of Mrs. Worthington alone.

The appeal is irregular in that it was not sued out in the name of both defendants, but as no point is made on this, we pass it over, since the irregularity is such a one as might have been cured by an amendment.

[Worthington *et al.* v. Miller.]

However, as W. H. Worthington did not join in the appeal, and the appeal not having been sued out by Mrs. Worthington in his behalf, he is not a party, and assignment of errors made by him cannot be considered.

Where a bill sets forth facts which entitle the complainant to relief, it is no objection to the bill that it avers cumulative facts.—*Noble v. Moses,* 81 Ala. 548. The averments in the bill in relation to the trusteeship of Mrs. Worthington are to be taken in connection with other averments upon which complainant bases her claim to relief, and as the statement of additional facts which tend to support such other averments. The theory being, that as trustee, in carrying out the trust, no indebtedness could have arisen from the *cestui que trust* to the trustee during the period of the trust, that being the time alleged in the bill when it is claimed that the pretended indebtedness from W. H. Worthington arose, unless there was a breach of the trust. The bill seeks no relief on account of any breach of the trust.

There is no merit in the contention that the complainant should be required to redeem, for the reason, if for no other, that the bill avers that the defendant Caroline Worthington paid nothing for the land. If her claim was fictitious and pretended as alleged, she would be entitled to nothing from a redemptioner. A redemption would necessarily have to proceed upon the supposition of the validity of her judgment against W. H. Worthington. Nor is there any merit in the contention that the complainant does not offer to do equity, by offering to accept the amount of her judgment. This judgment had already been satisfied to the extent of the amount bid by the judgment creditor at the execution sale under the judgment. By the execution sale whatever title the defendant Wm. H. Worthington had in the property passed by the sheriff's deed to the purchaser. This title, the bill shows, the complainant acquired under bankrupt proceedings against Rosenstihl, who obtained the judgment against Worthington, and was the purchaser under the execution on the judgment, receiving the sheriff's deed.

We find no error in the decree overruling the demurrers, and the decree will be affirmed.