# Gerson, *et al. v.* Davis, *et al.*

*Bill in Equity to have Absolute Conveyance declared Mortgage, and for an Accounting and Redemption.*

1. *Chancery; declaring absolute conveyance to be a mortgage; averments of bill; what sufficient.*—On a bill filed to have a deed declared a mortgage, where it is averred that, previous to the making of a deed, complainants were indebted to defendants, which debt was secured by a mortgage on land; that, when defendants were requested by complainants to pay off a prior mortgage on the same land, defendants refused; and also declined to make further advances and threatened to foreclose their mortgage, unless complainants made them an absolute deed; but said, at the time, "All we want is security for our money, and you can have the land back at any time you pay us;" and that, thereupon, defendants executed their deed; such averments are sufficient to maintain the bill.

2. *Same; laches; what constitutes.*—Whatever may be the rule as to laches, where fraud is relied on to vacate a deed executed

by a mortgagor to a mortgagee, conveying the ⌐quity of redemption, it can have no application, when the *gravamen* of the bill is to have a conveyance, absolute on its face, declared a mortgage. (Explaining *Goree v. Clements*, 94 Ala. 337.)

3 *Same; right to redeem; on what depends.*—Complainant's right to redeem, in such case, does not depend upon his repudiation of the deed on account of fraud, but to the contrary, his asserted right is in recognition of the validity of the deed, to the extent that it is binding as a security for the debt he may owe the mortgagee.

4. *Same; misjoinder of complainants; what is not.*—In such a case, complainants, owning jointly entire tract of land, conveyed to secure debt for which each was liable, have a common interest in right of redemption, and are properly joined, though one of complainants has no interest in homestead of the other in the land, which homestead was not conveyed by the deed.

5. *Same; usury; averment unnecessary.*—Where relief sought by the bill is redemption under deed, which is averred to be, in legal effect, a mortgage, an averment of usury, whether sufficient or insufficient, is wholly non-essential to the equity upon which relief is sought.

APPEAL from the City Court of Montgomery, in Equity. Heard before the Hon. A. D. SAYRE.

The bill in this case was filed July 30, 1904, by appellees, Edmund Davis and Alfred Davis, against the appellants, and sought to have a deed, made by the former to the latter in January, 1905, declared a mortgage.

The case made, as averred in the bill, is that, previous to about January, 1905, defendants had been advancing to complainants, for the purpose of enabling the latter to carry on their farming operations, and had been taking mortgages as security therefor, so that they owed defendants at that time about $4,754.44. That, about the last mentioned date, complainants were called upon to pay a prior mortgage to a loan company, on the land involved in this controversy, on which mortgage there was then due $4,158.00, and which complainants were unable to pay. Thereupon they called upon defendants to make the payment for them. The bill alleges that defendants refused to pay the amount due the loan company, and declined to make any further advances to com-

plainants, unless an absolute deed was made by them to defendants for the land in controversy; that defendants stated to them that all they wanted was their money, and that complainants could have the land back at any time by paying the same; that one of complainants, Edmund Davis, went to one Pinckard, in the city of Montgomery, and told him what defendants had said in reference to making the deed as security for advances made, or to be made, and asked Pinckard to prepare a paper which would preserve in written form their right to repay the money and reclaim the land; that Pinckard did prepare a paper of this kind, and complainant, Edmund Davis, took the same to the place of business of the defendants, in the city of Montgomery, and submitted it to them, which the latter in turn submitted to their attorney, Mr. Lomax, and directly came back, and one of them stated, in substance; "Edmund, by God, if I had signed that paper you would have had me. I won't sign it, but I will do what I say; all we want is security for our money, and you can have the land back at any time you pay us;" and added that, unless the deed was made, they would sell complainants out, under the mortgage which they already had. That complainants stated, "Well, as you have not signed the paper prepared by Mr. Pinckard, we will have to take your word that we can have the land back upon paying your money; we do not believe that you will all die or deny the agreement, and, since you will not sign the paper, we will have to take your word." And, thereupon, complainants signed said deed, absolute in form. A copy of this deed is made Exhibit "B" to the bill of complaint, and recites that it was made, "In consideration of $4,754.44 to us (complainants) in hand paid by A. Gerson & Sons, and also the assumption by A. Gerson & Sons of a mortgage due the British & American Mortgage Company of London, Limited, amounting to $4,158.00." The bill further alleged that, after the making of this deed, complainants remained in possession of the land paying the defendants "A fixed amount per annum called rent," and the complainants improved the said lands, building many houses, with brick chimneys, at their own expense, the said firm

[Gerson, *et al.* v. Davis, *et al.*]

charging to them all expenses in the way of improvements for the seven years, commencing in January, 1895, after which period, the said firm took possession and control of the said lands themselves, and rented the same out directly to tenants of their own, denying all rights whatever of complainants to said lands.

It is also alleged, in the eighth paragraph of the bill, that complainants were not indebted to defendants in the full amount claimed, and that complainants "Have no account showing such advances and payments, and it is impossible for them to state the same, but upon information and belief they aver that said sum of $4,754.44 alleged to have been due by them to said firm in January, 1895, if there were any such or other sum due them, consisted in large part of illegal and improper items not chargeable to complainants, and of usurious interest upon the several items of the account, far in excess of eight per cent. per annum. All of which complainants pray, may, on a statement of account with the said firm, be expunged as charges against them." It is also alleged in the bill that complainants did not owe the amount paid to the mortgage company.

It is also alleged that the wife of Edmund Davis never separately acknowledged the deed in controversy; that a part of the land embraced therein was then occupied as a homestead, and the bill seeks to have a homestead carved out of this tract and set apart. A mortgage made by complainants to defendants in January, 1893, covering the same land in controversy is made exhibit "A" to the bill, and bears the joint and separate acknowledgment of the grantors.

The prayer of the bill is, that the deed in controversy be declared a mortgage; that complainants be let in to redeem, and that defendants be charged with the rent; that an account be taken between the parties, and, also, that a homestead be carved out and set apart to the complainant, Edmund Davis.

Defendants moved to dismiss the bill for want of equity, and also interposed their demurrers, assigning numerous grounds, which may be classified as follows:

[Gerson, *et al.* v. Davis, *et al.*]

1. Because the facts alleged in the bill do not show that the parties agreed that the deed in controversy should be taken and considered, or operate as a mortgage.

2. Because, under the facts alleged, there was only an agreement that complainants might repurchase the lands on paying the amount due respondents.

3. That complainants were barred of their rights, if any they had, to have the deed declared a mortgage, by laches, or by an unreasonable delay on their part in asserting such claim.

4. Because it appeared from the bill that complainants had remained in possession of the land for many years, as the tenants of defendants, and with knowledge of the character, force and effect of the deed in question, and had thereby ratified the making of the deed.

5. There was a misjoinder of parties complainant, in that Alfred Davis had no interest in the establishment of the homestead sought to be carved out of the land.

6. That the mortgage, held by the respondents previous to the making of the deed, as also the mortgage taken up from the loan company, was not defectively executed or acknowledged, and any homestead interest in the lands passed thereunder.

7. That the facts did not show that the respondents had perpetrated any fraud, or used any undue influence upon complainants in the execution of the deed, such as would have authorized the cancellation of that instrument.

8. That the facts constituting the alleged usurious charge were not set out, and that the averments, with respect to the usurious charges, were too vague and indefinite.

This latter ground of demurrer was assigned, separately and specifically, to that particular part of the bill seeking relief, on the ground of usury.

On submission on motion to dismiss and demurrers to the bill, the court decreed, denying the motion and overruling the demurrers, and from this decree this appeal is prosecuted.

25s

STEINER, CRUM & WEIL, for appellants.—The relation of mortgagor and mortgagee, previously existing between the parties, creates no confidential relation, such as would excuse complainants from exercising due and reasonable diligence to discover true facts, even had they not known that instrument was in form and effect a deed.—*Adler v. Van Kirk*, 114 Ala. 551.

The court must be satisfied, by at least a clear preponderance of evidence, that a mortgage, and not an absolute sale, was intended, and clearly understood by the grantees as well as the grantor.—*Reeves v. Abercrombie*, 108 Ala. 535; *Tenn. C. I. & R. R. Co. v. Wheeler*, 125 Ala. 538.

Laches.—*Goree v. Clements*, 94 Ala. 337; *Alexander v. Hill*, 88 Ala. 487; *Mason v. American Mortgage Co.*, 124 Ala. 349; *Richter v. Noll*, 128 Ala. 198; *Stephenson v. Allison*, 123 Ala. 439; *Watts v. Burnett*, 56 Ala. 341; Notes to *Smith v. Thompson*, 54 Am. Dec. 130; 3 Mayfield 360, Sec. 3495.

Misjoinder of complainants.—*Lover v. Butler*, 129 Ala. 531; *Richter v. Noll*, 128 Ala. 198.

All essential elements of usurious contract, and amount of usurious interest charged, must be averred with certainty and precision, and it is immaterial that relief from usurious interest is merely incidental to the main relief.—4 Mayfield, p. 1053; *British & Am. Mtg. Co. v. Haley*, 132 Ala. 135.

GUNTER & GUNTER, *contra*.—When purchase of equity of redemption by a mortgagee will be set aside, and mortgagor allowed to redeem.—9th Am. & Eng. Dec. in Eq. (1st Series), with notes by Stewart, pp. 678 to 684; notes to *Bradbury v. Davenport*, 55 Am. St. Rep. 105.

It is well settled, that it is immaterial that the agreement, when one is alleged, is not in writing, or that parol has to be resorted to to show the transaction to be a mortgage.—*Scanlan v. Scanlan*, 25 N. E. 625; *Union Life Ins. Co. v. White*, 106 Ill. 67; *Peagler v. Stobler*, 91 Ala. 309; *Conway v. Alexander*, 7 Cr. 218; Notes to U.

S. Rep., Vol. 1, p. 509 & Vol. 5, p. 696; *Babcock v. Wyman*, 19 How. 289, 303.

If it appears that the mortgagor was cheated, defrauded or dealt unfairly by, or that he sold at an inadequate price, he is entitled to relief.—*Locke v. Palmer*, 26 Ala. 324; *Hyndman v. Same*, 19 Vt. 9 : 46 A. D. 171; *Shaw v. Walbridge*, 33 Ohio State Rep. 1; Story's Eq. Jur. 1019; *Pugh v. Davis*, 96 U. S. 332; *Niggeler v. Maurin*, 34 Minn. 118; *McKinstry v. Cooly*, 21 Ala. 678; *Brown v. Gaffney*, 28 Ill. 149; *Russell v. Southard*, 12 How. 139; *Stoutz v. Rouse*, 84 Ala. 309; *Bradbury v. Davenport*, 55 A. S. Rep. 92.

On account of the unequal relations of the parties, which was very marked here, the mortgagor is entitled to every favorable consideration by the court.—*Hyndman v. Hyndman*, 19 Vt. 9.

And the court will not permit the mortgagor to take advantage of his position to so get an advantage.—*Shaw v. Walbridge*, 33 Ohio State 1; *Thompson v. Lee*, 31 Ala. 292; *McMillan v. Jewett*, 85 Ala. 479; *Peagler v. Stabler*, 91 Ala. 310.

Laches constitute no bar here, since the period is short of the statute of limitations. A transaction, which is in fact a mortgage, as here alleged, is certainly entitled to no favorable consideration in favor of the mortgagee from the fact that, by the fraud of the mortgagee, it assumed the dangerous form of an absolute deed.—*Union M. L. Ins. v. White*, 106 Ill. p. 67.

A plain mortgage, in open hostile possession, cannot obtain title under ten years.—*Coyle v. Wilkins*, 57 Ala. 108.

And laches, without special circumstances prompting to quicker action, never creates an estoppel, short of the statute.—*Erlanger v. New Sombrero P. Co.*, (1878) 3 App. Cases, 1218, 1279; *Rochefoucould v. Boustead*, L. R. (1897). 1 Chan. Div. 210; *Cassem v. Heustis*, 94 Am. St. Rep. 179; *Jonathan M. M. Co. v. Whitehurst*, 60 Fed. Rep. 81; *Galliher v. Caldwell*, 145 U. S. 368; *Waller v. Nelson*, 106 Ala. 535.

TYSON, J.—The bill in this cause seeks to have a certain deed, executed by the complainants to the respond-

ents, declared a mortgage, and to redeem the lands conveyed by it. Its averment to this end is entirely sufficient.

The motion to dismiss for the want of equity and the grounds of demurrer, assailing the insufficiency of its averment in this respect, were each properly overruled. So, likewise, were those demurrers invoking the defense of laches properly overruled. The bill was filed within ten years after the deed was executed. Whatever may be the rule as to laches, where fraud is relied on to vacate a deed executed by a mortgagor to a mortgagee conveying his equity of redemption, it can have no application, when as here, the *gravamen* of the bill is to have a conveyance, absolute on its face, declared a mortgage.

In such case, the complainant's right to redeem does not depend upon his repudiation of the deed on account of fraud, but, to the contrary, his asserted right is in recognition of its validity, to the extent that it is binding as a security for the debt he may owe to the mortgagee.—*Parmer v. Parmer*, 88 Ala. 545.

In *Goree v. Clements*, 94 Ala. 337, relied upon by appellants as supporting their defense of laches, the bill was filed by a mortgagor, who had conveyed his equity of redemption by deed as here, but sought under one of its phases to have that instrument cancelled on the ground of fraud. It was to this phase of the case that Justice CLOPTON was speaking when he held, whether correctly or not is not necessary here to be determined, that the lapse of seven years, unexplained, was a bar to that relief. He, however, distinctly stated that a different rule of limitation governed, as to the other phase of the bill, which sought to have the deed declared a mortgage. In such case, he said, the right to redeem is not barred until the expiration of ten years. Furthermore, what was said by Justice CLOPTON on the subject of laches was but an expression of his own views, since the decision of the case was distinctly put upon another ground by the other members of the Court.

The objection to the bill on the ground of misjoinder of parties complainant proceeds upon the theory, that one of the complainants has no interest in the homestead

[Chattanooga National B. & L. Association v. Vaught.]

of the other, which was not conveyed by the deed. Assuming this to be correct, yet both of them have the same interest in having the deed declared a mortgage, which is the main purpose of the bill. They are shown to own the entire tract of land jointly, and to be each liable for the debt, which the deed was executed to secure. In short, both of them have a common interest in the right of redemption sought by the bill. The remaining assignment of demurrer insisted on challenges the sufficiency of the averment of the eighth paragraph of the bill, on account of the uncertainty of its allegations with respect to the charge of usurious interest. The relief sought by the bill is redemption under the deed, which is averred to be, in legal effect, a mortgage, and not on account of usury. It is undoubtedly true that, when the defense of usury is relied upon, that the pleading setting up usury must aver distinctly and particularly the elements of usury in the contract, and must state the amount of usurious interest; and doubtless when the equity of a bill is predicated upon usury, and relief is sought on that account, the same rule of pleading would obtain. But when, as here, the right to redeem does not depend upon usury, this rule has no application; whether the transaction between the parties involved usury or not can in no wise affect the right of the complainants to redeem. In other words, its averment, whether sufficient or insufficient, is wholly non-essential to the equity upon which relief is sought.

Affirmed.

McCLELLAN, C. J., DOWDELL and DENSON, J.J., concurring.