(125 So. 215)

## MORING MERCANTILE CO. et al. v. PHILLIPS et al. (4 Div. 453.)

Supreme Court of Alabama. Dec. 19, 1929.

Glover & Thornton, of Abbeville, and Farmer, Merrill & Farmer, of Dothan, for appellees.

F. W. Fish, of Abbeville, and T. M. Espy, of Dothan, for appellants.

SAYRE, J. Some of the complainants, appellees, describe themselves as tenants in common of an interest in a certain tract of land inherited by them from W. H. Phillips, deceased. Others describe themselves as tenants in common of an interest in the same land inherited from Maggie Phillips, deceased. W. H. and Maggie, man and wife, were, as the bill avers, owners of the land as tenants in common. Both are deceased, leaving no children. As to complainant R. C. Phillips the further averment is that he is also administrator of W. H. Phillips. As to the estate of Maggie, the averment is that she left no debts, and that she joined in the execution of the mortgage as surety for her husband. The mortgage purported to secure an indebtedness of $2,268. Complainants allege that of the sum so secured W. H. Phillips, prior to its execution, owed the Moring Mercantile Company, mortgagee, some $65 or $70, and that the balance was being borrowed in order to pay other creditors the amounts due

to them. The bill then charges that at the time of the negotiation for the mortgage loan mortgagor Phillips was confined to his bed with an illness from which he did not recover; that the agreement was that he should execute the mortgage and receive the money when he should come to the mortgagee's place of business; that he died two weeks later without having received the money; and that the widow died within a month, she likewise having never received the loan. The bill prays a decree canceling the mortgage as having been made without consideration. However, complainants offer to pay the smaller amount of $65 or $70 which would have been included in the indebtedness secured by the mortgage had it become effective by payment of the consideration upon which it was executed. The further averment of the bill is that the land cannot be equitably divided among complainant owners, and the further prayer is that the land be sold for division among complainants in lieu of partition.

On this appeal we consider only those grounds of objection to the bill which have been argued in the brief for appellants.

██ If the bill be considered solely with reference to that aspect of it in which complainants seek a sale of the land for division in lieu of partition, that, it will be conceded, is a matter about which the parties named as defendants are not concerned, and, for aught now appearing, the appeal to judicial process would be wholly unnecessary. Nor will they be interested in a decree of sale other than to see to it that they be not taxed with any costs incurred in bringing about the sale as separate from the costs to be incurred in litigating the different features of the bill. It is not to be anticipated that such costs will in any event be taxed against defendants. In this connection we note the fact that the brief for appellants makes no mention of that ground of demurrer which charged that the bill was multifarious.

██ On the averment of the bill, heretofore stated, the estate of W. H. Phillips, deceased, is represented by complainant R. C. Phillips, administrator, and the question as to whether the mortgage is valid for any purpose and whether it should be canceled by decree may be litigated between complainants, including the administrator, on the one hand and defendants on the other. And so, likewise, the liability of defendant Arnold—to whom the bill avers the alleged mortgage has been assigned and who has taken charge of the personal property therein described before even the due date thereby fixed— that liability may be settled in the proper course of the litigation proposed by the bill. True, the heirs of the wife, Maggie Phillips, have no interest as owners in the personal property belonging to the estate of the husband, W. H. Phillips, deceased, but they are interested in the main purpose of the bill which is to have the mortgage canceled, or, if it be not canceled, then, under the general prayer that complainants have the right to redeem. This we say to indicate our opinion that equity as between the parties may be administered under the bill in its present shape. The question of multifariousness is not suggested in the brief and, in keeping with the policy of the statute (Code 1923, § 6526), we say nothing as to that on this appeal. It will be observed also that on the facts alleged some of the complainants might have relief as against others; but the parties have nothing to say on that subject, and neither have we. The inference is that complainants have settled or will settle their differences, if any, among themselves.

The demurrer to the bill, as for any objections urged by appellants in their brief, was overruled without error. Nor do we desire to be understood as holding to any particular view of the bill in respects other than those specifically stated.

The decree is affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.