171 So. 629

### LINDSEY et al. v. HAMLET et al.

### 5 Div. 228.

Supreme Court of Alabama.

Nov. 27, 1936.

Rehearing Denied Jan. 14, 1937.

J. Sanford Mullins and Richard H. Cocke, both of Alexander City, for appellants.

Sam W. Oliver and Albert Hooton, both of Dadeville, for appellees.

BROWN, Justice.

The appellants, to state the substance of the bill's averments, allege that they are the owners of the lands described in the bill, consisting of 245 acres situated on the west side of the Tallapoosa river in Tallapoosa county, Ala.; that on the 16th day of December, 1931, they executed to the defendant T. J. Hamlet a deed absolute in form to said lands to secure the payment of an indebtedness of $439.25, then and there contracted to procure money to pay a past-due installment on a mortgage held by the Federal Land Bank of New Orleans and prevent a foreclosure of said mortgage; that it was the intention of the parties thereto that said deed should operate only as a security for the payment of said debt; that they have offered to repay the same and the said Hamlet has refused to accept payment and has declared that he will not accept the same; that complainants retained the possession of said lands, and the defendants W. L. Hamlet and Reuben Ransaw are "the present tenants upon said lands." The complainants offer to do equity. The bill seeks to have the deed declared a mortgage and to let complainants in to redeem therefrom.

The bill's averments are sufficient to give it equity as against T. J. Hamlet, and his demurrers thereto were not well taken. Harrison et al. v. Maury et al., 157 Ala. 227, 47 So. 724; Smith et al. v. Smith et al., 153 Ala. 504, 45 So. 168; Irwin et ux. v. Coleman et ux., 173 Ala. 175, 55 So. 492; Lewis et al. v. Davis, 198 Ala. 81, 73 So. 419.

It is well settled that persons jointly interested may maintain a bill to have a deed, absolute in form, declared a mortgage on proper averments and proof; hence there was not a misjoinder of parties complainant. Gerson et al. v. Davis et al., 143 Ala. 381, 39 So. 198.

It is not essential to the equity of such bill to allege previous tender or to bring the money admitted to be due into court. Hammett v. White, 128 Ala. 380, 29 So. 547.

The question of misjoinder of parties defendant can only be raised by the defendant improperly joined. Worthington et al. v. Miller, 134 Ala. 420, 32 So. 748.

The bill is not multifarious. Code 1923, § 6526.

The tenants of the complainants are not proper or necessary parties to the bill; they clearly have no interest in the controversy; and the bill does not seek to disturb their relation as tenants. Silverstein et al. v. First Nat. Bank of Birmingham, 231 Ala. 565, 165 So. 827.

The court therefore erred in sustaining the demurrer of T. J. Hamlet, and the decree in this respect is reversed and the cause is remanded. The demurrer of W. L. Hamlet and Reuben Ransaw was well sustained, and in this respect the decree is affirmed.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.