185 So. 401

**JARRETT v. HAGEDORN.**

**5 Div. 290.**

Supreme Court of Alabama.

Dec. 1, 1938.

Rehearing Denied Jan. 12, 1939.

Paul J. Hooton, of Roanoke, for appellant.

Denson & Denson and L. J. Tyner, all of Opelika, for appellee.

THOMAS, Justice.

The errors assigned challenge the action of the trial court in holding the bill as amended was multifarious.

The parties to the bill as amended are Mrs. Leota Jarrett, complainant, and Mrs. Jennie Hagedorn, respondent.

The subject matter of the bill was the execution of a mortgage on approximately 200 acres of land in Chambers County, Alabama, securing a promissory note of $972, which instruments were executed on

January 30, 1925, by G. B. Jarrett and wife Leota Jarrett. Before the filing of the bill, G. B. Jarrett died testate. A copy of his will, duly probated, is exhibited and supports the pleading. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90. By the will Mr. Jarrett bequeathed all of his property, real and personal, to his wife Leota Jarrett, appellant in this cause.

The contention of appellant is that the mortgage exhibited to the bill has been paid in full and appellant, the mortgagor in possession, sought cancellation of the mortgage. The bill alleges a due demand of appellee to enter a full satisfaction of the mortgage on the records, which demand was not granted. There was a further demand in writing by appellant for partially satisfying the note and mortgage, and this demand was likewise ignored by appellee.

The purport of the bill as amended was to have the mortgage declared paid at the instance of complainant, as a mortgagor in possession, and as the owner of the fee in the land; and to further secure cancellation on the mortgage record, after the fact of payment is ascertained. It has long been the rule of this Court that if there is no debt there is no mortgage. Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463; Drum & Ezekial v. Bryan, 193 Ala. 395, 69 So. 483; section 9026, Code.

The prayer of the bill was that complainant be decreed to be the owner of the fee in the land; that the mortgage had been paid in full, and that the balance of the indebtedness be. fixed and declared; that if it be held subject to cancellation and failure to so enter on written notice, that payment of the $200 penalty imposed by law be required, and that the mortgage be held to be null and void, having been paid, and that the same is not a cloud upon the title of complainant. There is a further prayer for general and special relief as may be meet and proper in the premises.

The demurrers, of respondent, Mrs. Hagedorn, were incorporated in the answer, and submission by the parties was for decree on demurrer to the bill as last amended. The court decreed that one ground of demurrer was well taken, that the bill was multifarious, and the correctness of this ruling is the only question presented by the appeal.

As indicated, the primary purpose of the bill was to ascertain if any sum was due on the mortgage and if so the amount thereof, to prevent foreclosure before such accounting was had, to require a due entry or satisfaction on the mortgage record as was justified by the accounting, and in event the mortgage was found to have been paid and a failure of satisfaction on the record pursuant to notice or notices, that the statutory penalty of $200.00 for each failure be decreed. That is to say, that in the main, the relief sought by the bill was for cancellation of a mortgage and the quieting of the title. Did the fact that this was coupled with other relief sought render the bill multifarious?

The rule that obtains in this jurisdiction is that equity will not entertain a purely legal claim; yet this may be done "by way of giving complete relief,. where the bill exhibits some associated equity." King v. Livingston Mfg. Co., 180 Ala. 118, 123, 60 So. 143, 144.

In Lavretta et al. v. First Nat. Bank of Mobile, 235 Ala. 104, 178 So. 3, the rule in such matter is stated and the authorities collected to the effect that a court of equity having acquired jurisdiction for one purpose will determine all rights duly presented and give full relief. That is to say the authorities are abundant to the effect that a court of equity having acquired jurisdiction, there will be no splitting of causes of action, but that there will be a settlement by the final decree of all questions arising out of and affecting the title to that subject matter and of the necessary parties before the court. First Nat. Bank of Eutaw v. Barnes, 229 Ala. 612, 159 So. 68. In the last cited case the object of the bill was for collection of a debt by foreclosure.

In the recent case of O'Rear et al. v. Kimbro, 227 Ala. 22, 148 So. 435, the bill was to enjoin foreclosure of a mortgage and to secure redemption. In that case it is observed [page 437]: "But where, as in this case, a court of equity has acquired jurisdiction for the purpose of effectuating redemption, it will retain it for the purpose of adjusting all matters of dispute between the parties growing out of the controversy, or incident thereto. Wood v. Estes, 224 Ala. 140, 139 So. 331; Bethea v. Bethea, 139 Ala. 505, 35 So. 1014." See also First National Bank of Birmingham v. Johnson, 227 Ala. 40, 148 So. 745.

And in Wood v. Estes, 224 Ala. 140, 139 So. 331, the observation is [page 333]:

"In the Martin Case, supra [Kelly v. Martin, 107 Ala. 479, 18 So. 132], the bill averred payment of the mortgage debt, and the court there said: 'Notwithstanding section 1870 of the Code provides that "the payment of a mortgage debt, whether the mortgage is of real or personal property, divests the title passing by the mortgage," we are of opinion that the mortgagor of lands, *in possession,* having *fully paid the secured* debt, though possibly denied the right of a bill to redeem, as such, is entitled to go into a court of equity, and have the *payment established,* and the mortgage delivered up and canceled, as a cloud upon his title. The payment resting in parol, the evidence of it may be readily lost by the death, removal, or failure of recollection of witnesses, or other causes while the mortgage outstanding contains within itself enduring evidence, prima facie, that the legal title has passed to the mortgagee, and still remains in him. It is manifest, therefore, that the mortgagor is subjected to the danger of the loss of his estate, unless some remedy is afforded him of *establishing the payment,* and withdrawing from the mortgagee the instrument of such possible loss, with which he is armed. There is no other adequate remedy than a resort to a court of equity.' Rea v. Longstreet, 54 Ala. 291; Lehman [Durr & Co.] v. Shook, 69 Ala. 486; Jones v. De Graffenreid, 60 Ala. 145; Morgan v. Lehman, [Durr & Co.], 92 Ala. 440, 9 So. 314.

"To the same effect is the holding in the case of Bank of Henry v. Elkins, 165 Ala. 628, 51 So. 821. In this case, the court speaking through Justice McClellan said: 'Courts of equity have jurisdiction to cancel and remove a specially described cloud upon the complainant's title, when the owner is in possession, and when the evidence of the alleged cloud is not void on its face, and extrinsic evidence is necessary to show its invalidity.' "

The multifarious statute is: "6526. Unless taken by demurrer, objection to a bill because of multifariousness must not be entertained. A bill is not multifarious which seeks alternative or inconsistent relief growing out of the same subject-matter, or founded on the same contract or transaction, or relating to the same property between the same parties."

The multifarious statute sanctions that each case is to be judged by its particular facts as disclosed by consideration of the whole bill, discouraging the objection where it would defeat the ends of justice and make for a multiplicity of suits. Ford v. Borders, 200 Ala. 70, 75 So. 398; Mobile v. McCown Oil Co., 226 Ala. 688, 148 So. 402; Moring Mercantile Co. v. Phillips, 220 Ala. 371, 125 So. 215; Jacobs v. Swift & Co., 230 Ala. 358, 161 So. 232; Birmingham v. Smyer, 230 Ala. 234, 160 So. 764; Love v. Sims-Morgan Lumber Co., 229 Ala. 499, 158 So. 180; Stamey v. Fortner, 230 Ala. 204, 160 So. 116; First Nat. Bank of Birmingham v. Forman, 230 Ala. 185, 160 So. 109; Lindsey v. Standard Acc. Ins. Co., 230 Ala. 633, 162 So. 267; Lindsey v. Hamlet, 233 Ala. 362, 171 So. 629. When tested by these decisions, the bill was multifarious.

The bill, among other things, alleges that Mrs. Hagedorn, acting through her agents, had informed various purchasers of lots that she held a mortgage on the land; that if prospective purchasers bought portions of said lands "they would be buying a law suit" and that the "complainant has been informed by Denson & Denson, Attorneys at Opelika, Alabama, that they have Exhibit C to this bill of complaint in their hands as Attorneys for foreclosure, and that the said attorneys are going to foreclose the original of Exhibit C to this Bill of Complaint, and that the said Denson & Denson, as such attorneys of the Respondents, by agreement with counsel for the Complainant in this cause, agreed to withhold the foreclosure of the original mortgage of which Exhibit C to this Bill of Complaint is a copy, pending the filing of the present action on the part of the Complainant."

The salient averments are thus clearly stated by appellees' counsel: "As amended the bill is against one respondent, namely, Mrs. Jennie Hagedorn, the present owner of a certain mortgage executed to her by complainant and her deceased husband, and the prayer of the bill seeks (1) the complainant be held to be the owner in fee of the mortgaged property; (2) that the mortgage be found to be paid in full; (3) that the respondent be required to satisfy the mortgage in full on the records; (4) that in the event it is found the mortgage has not been paid in full that the court will ascertain the balance due; (5) that the statutory penalty of $200 for failure to satisfy the mortgage *in full* be allowed the complainant; (6) that the statutory penal-

ty for failure to enter *partial payments* be allowed to complainant; and (7) that the mortgage be held to be null and void, that it has been paid, and that the same is not a cloud upon the title of complainant."

It is declared in this jurisdiction that.an adequate remedy at law exists for the enforcement of the statutory penalty (Drennen Motor Car Co. v. Evans, 192 Ala. 150, 68 So. 303; Gulf Compress Co. v. Harris, Cortner & Co., 158 Ala. 343, 48 So. 477, 24 L.R.A.,N.S., 399); and that equity will not entertain jurisdiction where there is an adequate remedy at law (Farmers' Sav. Bank v. Murphree, 200 Ala. 574, 76 So. 932; Cox v. Parker, 212 Ala. 35, 101 So. 657); and that equity ordinarily will not assume jurisdiction to enforce penalties. Montana v. Alabama Fishermen's & Hunters' Ass'n, 226 Ala. 303, 146 So. 805; McDonough v. Saunders, 201 Ala. 321, 78 So. 160, 11 A.L.R. 419; Jones v. New York Guaranty, etc., Co., 101 U.S. 622, 628, 25 L.Ed. 1030; 21 C.J. p. 104, § 81.

The decree is rested on the one ground that the bill as last amended is multifarious "and that the said demurrer is well taken." In this decree we concur as to the phase of the amended bill seeking the $200 statutory penalty for failure to enter cancellation or partial payments on the mortgage record, under the provisions of Sections 9020 and 9022 of the Code of 1923, as the facts may warrant.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.