69 So.2d 289

**HOLLOWAY v. HOLLAND et al.**

4 Div. 757.

Supreme Court of Alabama.

Dec. 17, 1953.

E. C. Boswell, Geneva, for appellant.

Jas. W. Kelly and Jos F. Ward, Geneva, for appellees.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer of Nell Holloway, one of the respondents, to a bill in equity. The purpose of the bill is to sell for division certain lands situated in Geneva County, Alabama, held by joint owners or tenants in common, on the ground that the lands cannot be equitably divided without a sale thereof.

The allegations of the bill show that the lands were owned by Annie Mae Hatcher, who died intestate February 23, 1952, and her husband P. H. Hatcher, who died intestate October 24, 1952. They owned the lands as tenants in common and died leaving no children.

The present bill was filed by W. D. Holland, Dora E. Holland, the sole heirs at law of Annie Mae Hatcher, deceased, together with Dora E. Holland, as administratrix of the estate of Annie Mae Hatcher, deceased. The respondents are the sole heirs at law of P. H. Hatcher, deceased, and M. L. Strickland and J. W. Hatcher, as coadministrators of the estate of P. H. Hatcher, deceased. The names of the heirs at law referred to are J. H. Hatcher, Mrs. Nell Holloway, Mrs. Tessie Schwinn, a non compos mentis, Jack Hatcher and Martha Ruth Taylor.

I. It is argued that the court was in error when it entered the decree overruling the demurrer when the case was not at issue as to all the respondents. Assuming that this was the situation, we cannot uphold the contention. There was no demurrer raising this question, but we do not like to rest our opinion solely on the absence of such a ground of demurrer. The function of a demurrer to a bill is to raise questions of law as to the sufficiency of the bill apparent on the face of the bill. The state of the record in the respect here attacked does not show on the face of the bill. Besides, the appellant here expressly agreed with the complainants for a submission to be had on her demurrer to the bill of complaint. Cases such as Durr v. Hanover Nat. Bank, 148 Ala. 363, 42 So. 599, cited by the appellant, are cases which hold that a final decree cannot be entered until the case is at issue. The decree overruling the demurrer of Nell Holloway to the bill is only an interlocutory decree. There is no reason why submission could not be had on her demurrer to the bill and the interlocutory decree entered, even

though the case was not at issue as to all the other respondents.

 II. It is further contended that the court was in error in overruling the demurrer to the bill since there was a misjoinder of the administratrix of the estate of Annie Mae Hatcher, deceased. It is sufficient to say that if there was a misjoinder in making the administratrix of the estate of Annie Mae Hatcher, deceased, a party complainant, this would not affect the rights of Mrs. Nell Holloway. In other words, Mrs. Nell Holloway must be prejudiced if there is a misjoinder. She is not and if she is not, she is unharmed and accordingly unconcerned. Taylor v. Shaw, 256 Ala. 467, 55 So.2d 502.

III. It is further argued that the court was in error in overruling the demurrer because of a misjoinder of the coadministrators of the estate of P. H. Hatcher, deceased. It is pointed out that there is nothing in the bill to show that P. H. Hatcher, deceased, left any unpaid debts or that the administrators of his estate have intercepted his real estate because his personal property is not sufficient for the payment of his debts. Calhoun v. Fletcher, 63 Ala. 574. The appellant especially objects to a special prayer in which the proceeds of sale, which will belong to the respondents, are sought to be turned over to the coadministrators of the estate of P. H. Hatcher, deceased.

We do not consider that there is merit in the position here taken by the appellant. There is a general prayer for relief in the bill and where the allegations of the bill show that complainant is entitled to relief and there is a general prayer, the bill is not demurrable, because a special prayer is inapt or asks for relief in excess of or different from that which the allegations of the bill warrant. White v. Lehman, 210 Ala. 542, 98 So. 780; Endsley v. Darring, 249 Ala. 381, 31 So.2d 317.

The question of misjoinder of parties respondent can ordinarily only be raised by the respondent improperly joined. Smith v. Colpack, 235 Ala. 513, 179 So.

520; Lindsey v. Hamlet, 233 Ala. 362, 171 So. 629. In Smith v. Colpack, supra [235 Ala. 513, 179 So. 522], it was said: "The demurrer of the complainant to the cross-bill for bringing in unnecessary and improper parties is not well taken for that such claim should be made by the party so unnecessarily joined, unless the pleadings show in some manner that by doing so the rights of complainant will be affected injuriously." There is no allegation in the bill showing that the rights of Mrs. Nell Holloway will be injuriously affected by the presence in the case of the coadministrators of the estate of P. H. Hatcher, deceased.

In view of what has been said, we conclude that the court acted correctly in overruling the demurrer.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.