# Whitley *v.* Lide *et al.*

*Bill in Equity to enjoin Sale under a Mortgage and abate Purchase Money.*

1. *Purchase of land; effect of execution of mortgage to secure deferred payments; burden of proof.*—Where the purchaser of land accepts a deed and executes a mortgage upon said land to secure the payment of a balance due of the purchase money, there is, by such acts, an acknowledgment on his part that the vendors had title, and these facts, together with the fact of non-payment, give a *prima facie* right to the mortgagee to foreclose the mortgage; and, therefore, upon a bill filed by the purchaser to enjoin the foreclosure of a mortgage and to abate the purchase money, by so much as represents a portion of the land, upon the ground that the vendor did not own such portion, the burden is upon the purchaser to prove the alleged want of title in the vendor.

APPEAL from the Chancery Court of Conecuh.

Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed by the appellant, D. C. Whitley, against the appellees, A. C. Lide and B. A. Lide, his wife.

The purpose of the bill and the facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

STALLWORTH & BURNETT and JAMES A. STALLWORTH. for appellant, cited *Merrill v. Morrisett,* 76 Ala. 433; *Young v. Pollock,* 85 Ala. 439; 1 Greenl. Evidence, § 79; McKelvy on Evidence, p. 55; *Ferrell v. State,* 32 Ala. 557; *Edisto Phosphate Co v. Stanford,* 112 Ala. 493; *Hodges v. Denny,* 86 Ala. 226; *McLemore v. Mabson,* 20 Ala. 137; *Parker v. Parker,* 93 Ala. 80; *Frank v. Riggs,* 93 Ala. 252.

G. R. FARNHAM, *contra,* cited *Rogers v. Peebles,* 72 Ala. 529; *Hess v. Cheney,* 83 Ala. 251; *Thompson v. Sheppard,* 85 Ala. 611; *Teague v. Wade,* 59 Ala. 369; *Lee v. State,* 93 Ala. 17; *Coleman v. Bank,* 115 Ala. 307.

SHARPE, J.—Complainant Whitley bought land from defendants and received a deed which described the land by government numbers and as containing 750 acres, more or less To the defendant A. C. Lide he gave a mortgage on the land to secure a deferred payment of the purchase price. Payment was not made at the stipulated time and the land was about to be sold under a power in the mortgage when Whitley filed the original bill in this cause seeking to enjoin the sale and to abate the purchase money by so much as represents a tract of 160 acres of the land embraced in the deed, upon the ground that defendants induced him to believe they owned that tract, that they did not have or convey title thereto, and were insolvent non-residents. By a cross-bill A. C. Lide sought a decree of foreclosure. This appeal is from a decree rendered on final hearing dismissing the original bill and granting relief under the cross-bill.

Whitley's acceptance of the deed and his execution of the mortgage, amounted to an acknowledgment on his part that his vendors or one of them had title, and together with the admitted fact of non-payment, showed *prima facie* that the mortgagee was entitled to foreclosure. Therefore, the burden was on Whitley both in the case made by the original bill and that presented by the cross-bill to prove the alleged lack of title. His effort in that direction has been to prove this tract of land belonged to one Sims, who was the owner of lands adjoining. The evidence is in some conflict as to whether complainant Whiley has since his purchase had all this 160 acres in possession, but it shows conclusively that he has cultivated part of it and has not been evicted from any part of it. It does not serve to trace the title from its original source to either Sims or the defendants. Sims, though residing within the jurisdiction, has not been

made a witness, but in behalf of complainant several witnesses have been examined whose testimony tend to show that at the time of complainant's purchase Sims had title to the land in question by adverse possession on the part of himself and those to whose rights he has succeeded. No less in number or apparent credibility are the witnesses testifying for defendant on this subject, and their testimony, if true, shows that for more than ten years next before he sold it to complainant, the defendant, B. A. Lide himself and through others, whose rights had been conveyed to him, had held, used and claimed the land openly and in adverse possession, and so, if in no other way, was invested with title. In our opinion, the evidence relating to this issue of title does not preponderate in favor of complainant Whitley, and it follows, without regard to the conflicting evidence as to defendant's alleged insolvency and non-residence, that the decree must be affirmed.

Affirmed.