# Bethea *et al. v.* Bethea.

*Petition in Chancery Suit for ascertainment of Rent for
Use and Occupation of Land purchased
at Judicial Sale.*

1.  *Tenants in common; sale of land for partition and distribution;
    purchaser entitled to rent for use and occupation.*—Where
    land owned by tenants in common is sold at a partition sale
    and is purchased by one of the tenants in common, who pays
    the purchase money, but after such purchase other tenants
    in common remain in possession thereof, the purchaser is
    entitled to recover from the occupants the value of such use
    and occupation; and his right to recover the value of the use
    and occupation is not affected by the fact that from a decree
    confirming the sale, there was an appeal taken and the oc-
    cupants executed a supersedeas bond, thereby postponing
    his right to possession; the decree appealed from being af-
    firmed.

2.  *Same; same; value of use and occupation can be deducted from
    the occupant's share of proceeds of sale.*—In such a case, the
    chancery court which decreed and confirmed the partition
    sale, may, upon petition by the purchaser, deduct from the

[Bethea *et al.* v. Bethea.]

shares of the proceeds of the sale of the tenants in common who remained in possession of the property, the value of the use and occupation, and refund that amount to the purchaser.

APPEAL from the City Court of Montgomery.

Heard before the Hon. A. D. SAYRE.

The original bill in this case was filed by Kate Bethea and others against Henry Bethea, Theodore Bethea and Mamie Bethea, and sought to have certain property owned by plaintiffs and defendants, as tenants in common, sold, and the proceeds of the sale distributed among the co-tenants.

The relief prayed for in the bill was granted, and among the property sold was a house and lot situated in the city of Montgomery. This house and lot was purchased by Henry Bethea at the price of $9,500, his bid of this amount being the best, highest and last bid. The sale being reported, Theodore and Mamie Bethea filed their objections to the confirmation of the sale, upon the ground of the inadequacy of price, the sum being greatly disproportionate to the real value of the house and lot. This objection of Mamie and Theodore Bethea was overruled, and the sale was confirmed by a decree of the court, and in said decree a deed was ordered to be made to the purchaser. In the decree of confirmation it was provided that if the two objecting parties desired to take an appeal, and in the meantime to supercede the decree, they should have the right to do so, upon executing a supersedeas bond in the sum of $500. From the decree confirming the sale of the house and lot and ordering a deed thereto to be made to Henry Bethea, Mamie and Theodore Bethea took an appeal, giving only a bond for the costs of the appeal and not a supersedeas bond. While the cause was pending in the Supreme Court upon this appeal, the purchaser, Henry Bethea, who had paid his money into the registry of the court upon the deed of sale of the property, moved the court for a writ of possession, upon the ground that Mamie Bethea and Theodore Bethea had failed to supersede the judgment and were still occupying the premises. Pending the hearing of this petition Mamie and Theodore Bethea executed a supersedeas bond in accordance with the de-

cree of confirmation. Subsequently the decree confirm-
ing the sale and ordering the deed made to Henry Be-
thea was affirmed, by a judgment of the Supreme Court.
Pending said appeal, the money, which had been paid
by Henry Bethea remained in the registry of the court.
No effort was made to disturb the same until after the
affirmance of said decree by the Supreme Court. After
the affirmance of this decree by the Supreme Court,
Henry Bethea filed a petition in the city court of Mont-
gomery praying that the court direct the register to dis-
tribute the funds derived from the sale of said house and
lot among the parties according to their respective in-
terests. Upon the hearing of this petition, Henry Be-
thea filed another petition in the cause, alleging sub-
stantially the foregoing facts and further alleging that
Mamie and Theodore Bethea had been in the use and
occupation of the said house and lot purchased by him
from the time of the sale thereof down to the time of
filing the petition, and further averring that the peti-
tioner was entitled to rent for such use and occupancy,
which Mamie Bethea and Theodore Bethea declined to
pay. The prayer of this petition was that Mamie Be-
thea and Theodore Bethea be made parties defendant
thereto, that a reference be held to ascertain a reason-
able value of the use and occupation of the property
since the date of the decree confirming the sale, and
that said accounting may extend to the date of the decree
upon this petition, that Mamie and Theodore Bethea be
ordered to pay the amount so ascertained as the reason-
able value of the use and occupancy of said property,
and that the sum so ascertained to be due and owing for
the use and occupancy of said premises may be de-
ducted from the distributive interest of said Mamie Be-
thea and Theodore Bethea in the fund arising from said
sale, and also be directed to be paid over by the register
to the petitioner; that a deed be made to the petitioner
to said property, and that the petitioner be put in pos-
session of said property. There was also a prayer for
general relief.

There was an agreement between the parties as to
what was a reasonable value for the use and occupation

of the premises, but Mamie Bethea and Theodore Bethea objected to and denied the jurisdiction of the city court to entertain and grant the petition, and denied that the petition showed any facts which authorized the relief prayed for.

Upon the submission of this petition upon the agreed statement of facts and the objection of the defendants to the jurisdiction of the court, the chancellor overruled the objection of Mamie and Theodore Bethea to the jurisdiction of the court and decreed that the petitioner was entitled to the relief prayed for, and ascertained the amount due for the use and occupation of the said property by Mamie Bethea and Theodore Bethea at the agreed valuation thereof, and directed that the sum ascertained be deducted from their respective shares, each contributing one-half. From this decree the present appeal is prosecuted, and the rendition thereof is assigned as error.

THOS. H. WATTS, for appellants.—The chancellor erred in holding the appellant liable for an amount exceeding the amount fixed by the judge of the city court for the supersedeas bond, which was given by the appellants. The amount fixed by the judge for the supersedeas bond was the extent of the liability the makers of said bond assumed. The object of the law was to fix the terms upon which a decree might be superseded. The object of the law was to inform the appellant what he would have to pay if he failed in his appeal. The law gave the judge the right to fix this amount. If he fixed it too low, the appellee had the right to ask for reconsideration.—*Hughes v. Hatchett,* 55 Ala. 539; *Steele v. Tutwiler,* 63 Ala. 371. The chancery court had no jurisdiction to grant the petition filed by the purchaser to be paid for the use and occupation of the premises. *Hughes v. Hatchett,* 55 Ala. 547; *State v. Montgomery,* 74 Ala. 227; *Crawford v. Kirksey,* 55 Ala. 291; *Cahill v. Cit. Mut. B. & L. Asso.* 74 Ala. 539; *Blein v. Heath,* 12 How. 168; *Drake v. Webb,* 63 Ala. 596.

J. M. CHILTON, *contra.*—The purchaser at a judicial sale becomes by his purchase a party to the suit, and as

[Bethea *et al.* v. Bethea.]

such is entitled to litigate in the further progress of the cause, any matters affecting his interests.—*England v. McGlaughlin,* 35 Ala. 590.

It is a general rule that a court of equity having jurisdiction of the subject matter and of the persons, will do full and complete justice,—end the litigation in the same proceeding and will not remit the parties to a distinct action at law for that purpose.—*West v. West,* 90 Ala. 438; *Stein v. McGrath,* 128 Ala. 175

The purchaser becomes entitled to possession from the date of confirmation of the sale. When he pays the purchase money and the sale is confirmed, the property becomes his and the vendors become entitled to the purchase money. The rights of the parties then become fixed and the purchaser is entitled to rents as an incident to the ownership from that time. "The purchaser being entitled to possession, he has the right to be compensated or indemnified where he has been wrongfully kept out of possession.—17 Am. & Eng. Encyc. of Law, (2d ed.), 1017; *Barnham v. Raborg,* 2 Md. Ch., 515; *Wagner v. Cohen,* 6 Gill (Md.) 97; *Talliferro's Case,* 78 Ky. 496; *Barber v. Barber,* 11 Ont. Pr. 137; 3 Ky. 538; 7 *Ib.* 298; 4 Baxter, 228-229; 11 Lea. 267; 12 *Ib.* 215; 28 So. W. Rep. 262.

McCLELLAN, C. J.—It is not questioned that Henry Bethea was entitled to the possession of the house and lot at the partition sale and purchased by him from and after the confirmation of that sale. Being so entitled and the possession and use of the property being kept from him by Miss Bethea and Theodore Bethea, who occupied and enjoyed it, it follows that he was entitled to recover from them the value of such use and occupation. This right is rested upon the consideration that they have to that extent been benefited, and he to that extent has been damaged by their enjoyment of his property; and the benefit to them and the detriment to him being the same, regardless of whether he might sooner have dispossessed them, the fact that they remained in possession for a time at his sufferance is of no consequence. The contrary conclusion would in principle,

involve the proposition that a plaintiff in the statutory action for the recovery of land was not entitled to recover for its wrongful detention during the period he forebore to bring suit. Nor is the purchaser's abstract right to recover the value of use and occupation at all affected by the fact that his right to possession was wrongfully postponed by the execution of a supersedeas bond on the former appeal taken by these appellants. That merely afforded a certain security for damages suffered by him in consequence of being kept out of possession to the extent of the bond's penalty. To that extent, he could go on the sureties and principals by action on the bond; but the giving of the bond did not operate to limit the liability of the principals for their use and occupation of his land to the amount of its penalty, nor take away his right of action for the use and occupation wholly apart from the bond. The bond and supersedeas postponed the execution of his right to take possession pending the appeal, and when on the appeal the decree confirming the sale was affirmed, all his rights in the premises were the same as if no appeal had been taken except only that he had then the additional and cumulative right to go upon the sureties for his damages to the amount nominated in the bond. Of course, the purchaser knew when he made his bid and paid the amount of it into court, that any of those interested in common in the property and the proceeds of its sale, had the right to appeal from the decree of confirmation, supercede that decree pending such appeal and thereby delay him in taking over the possession, for such was the law; but he also knew that this appeal and supersedeas would not affect his standing and rights from and after the decree of confirmation, if that decree were affirmed, for such also was and is the law. The decree was affirmed, and there can be no doubt that he was entitled thereupon to the possession of the land, that it was his land from the time of the decree of confirmation, and that he was entitled to recover from the persons who had, in the meantime, been occupying and using it, the value of that use and occupation, without taking any account of the supersedeas bond.

[Bethea *et al.* v. Bethea.]

The remaining question in this case is as to the power of the chancery court, which decreed and confirmed the partition sale, to conserve this right of the purchaser by deducting from the shares of the proceeds of the sale of the two tenants in common who retained the possession of the property, the value of the use and occupation and refunding that amount to the purchaser on his petition to that end, or should this petition have been denied and the purchaser been remitted to his action at law. In our opinion, the chancery court had that power. The occupying tenants were, of course, parties to the bill for partition, and at all times before the court. The fund was in the hands of the court. The purchaser, *as purchaser*, was also before the court, and had in a general sense a standing therein to invoke its powers to the effectuation of his right of possession consequent upon the confirmation of the sale to and purchase by him. He had paid the full amount of the purchase money into the registry of the court. This he paid for the title to the land and for its possession from and after confirmation of the sale. It was the right and duty of the court to conserve this right of possession, in a sense, to see to it when its powers were invoked that the purchaser got what he had paid for it. He did not get all that the court sold him and for which he had paid. He had been kept out of possession for a year or so. The possession for this period was a part of what the court had sold him and he had paid for. This part of the consideration for his money had been enjoyed by the appellants for whom he had paid the money. It is obviously unequitable that they should have this money and also the property for which he paid the money. It was to the last degree equitable that the court should make good to him the thing it had sold him, by, in effect, remitting to him the value of that part of the thing which had been kept from him by the appellants, who having enjoyed that part, were not entitled also to be paid for it. And in doing this, the court was merely exercising its power and duty to protect and conserve the purchaser's possessory right acquired under its orders and decrees through a sale and by it. We need look no further for the court's authority, but it might also properly

be referred to the general principle that courts of chancery having acquired jurisdiction under some equity head of the subject matter and the parties, will adjudge and settle all rights growing out of the controversy or incident to it, though some of them separately considered are of purely legal cognizance.—*Barnum v. Raborg*, 2 Md. Ch. 516, 532; *West v. West*, 90 Ala. 438; *Stein v. McGrath*, 128 Ala. 175; *Marshall v. Marshall*, 86 Ala. 383; *Va. & Ala. M. & M. Co. v. Hale & Co.*, 93 Ala. 542.

Affirmed.