(76 South. 298)

THOMPSON v. BROWN. (6 Div. 252.)

(Supreme Court of Alabama. June 14, 1917.)

1. EXECUTION ☞297—REDEMPTION—REQUISITES—TENDER.

Under Code 1907, §§ 5746–5749, redemptors of land sold under execution must pay or tender the required amount to the purchaser or his vendee; and if the alienee has actual visible possession of the land, such possession is sufficient notice of the alienation, and the redemptors must pay or tender the required amount to such alienee.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 857–864.]

2. QUIETING TITLE ☞35(3) — REMOVING CLOUDS—RIGHT TO SUE—REQUISITES.

To permit a cancellation of clouds upon title, the complainant's bill must show that he is in possession.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 74.]

3. EXECUTION ☞300—SALES—REDEMPTION.

Where the owner has attempted to redeem from the purchaser at execution sale, and the purchaser has alienated the land, the owner may waive the effect of his redemption from the pur-

chaser, as well as the alleged illegality of the execution sale, and seek redemption from the alienee.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 878–882.]

4. EXECUTION ⏝301—SALES—REDEMPTION—BILL—REQUISITES.

A bill to redeem from the alienee of the purchaser at execution sale is defective, if it fails to allege that the amount tendered included all lawful charges of which the complainant had notice.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 883–889.]

5. EXECUTION ⏝295—SALES—REDEMPTIONS—TENDERS—TIME.

A delay in tendering the amount due to the alienee of the purchaser at execution sale is sufficiently accounted for by a showing that the complainant had attempted to redeem from the execution purchaser without notice of his prior alienation, and that such purchaser had accepted the tender.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 846–850.]

6. EQUITY ⏝232—DEMURRER—REQUISITES.

Where several demurrers were addressed to the bill as a whole, and not severally to such particular aspect as each was appropriate to, the demurrers were properly overruled, though the bill was defective in every aspect.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 508.]

7. PLEADING ⏝38—REQUISITES—SUFFICIENCY.

Where the allegations of the bill upon which alternative prayers are based are not made disjunctively, an insufficiency in one set of allegations does not render the whole bill bad on that ground alone.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 89, 90.]

Appeal from Chancery Court, Jefferson County; A. H. Benners, Chancellor.

Bill by Morgan L. Brown against N. F. Thompson and others. Decree for complainant, and Thompson appeals. Affirmed.

Bill to declare void a certain execution sale of complainant's real estate, or, in the alternative, to effect a redemption of the property from the purchaser at the sale, or from his subvendee. The sale was made under an execution for the collection of court costs, issued in a cause wherein complainant was the successful party; the costs being taxed against complainant in the event they could not be made out of the other party. One Matthews bought the land for $3, and received the sheriff's deed thereto, June 21, 1913. On April 27, 1915, complainant applied to Matthews for redemption, and on his demand paid him $6.50, besides $29 to the clerk for the court costs unpaid, and received from Matthews a quitclaim deed, all without any knowledge or notice of any resale of the land by Matthews to any third person. In fact, before said redemption by complainant, Matthews had sold the land to one McKee, and executed him a quitclaim deed, which had not been recorded. It is further charged that said McKee has in turn sold and conveyed the land to some unknown per-

son, and by amendment it is charged that Thompson has become or claims to have become the purchaser by deed of conveyance from McKee, who was really acting as the agent of Thompson; the amendment bringing in Thompson as a party respondent, and offering to pay him, in lieu of McKee, the sum of $4, which is brought into court for redemption purposes. It is alleged in the original bill that said execution sale was not legal and binding upon orator, and that said sheriff's deed should not be held in equity and good conscience to have conveyed any right, title, or interest or claim out of orator; but, notwithstanding the illegality of such sale, orator is willing to redeem therefrom, provided the court in this cause decrees such redemption. The bill alleges that complainant is the owner of the land at the time of the execution sale and is still the owner, unless such sale has divested his title. There is no allegation that complainant has the possession of the land, actual or constructive.

Demurrers were filed to the bill as a whole; the objections being (1) that it does not show that complainant was in possession of the land when the bill was filed; (2) it shows that the execution sale is void, and hence the remedy at law is adequate; (3) it does not show that complainant has paid or tendered to the purchaser or his vendee the purchase money, the 10 per cent. per annum, and all other lawful charges within two years. These demurrers to the bill as finally amended were overruled.

J. L. Drennen, of Birmingham, for appellant. Harsh, Harsh & Harsh, and McQueen & Ellis, all of Birmingham, for appellee.

SOMERVILLE, J. [1] Redemptors of land sold under execution must pay or tender the required amount of money to the purchaser or his vendee. Code, §§ 5746–5749. One entitled to redeem "must, however, have notice, or information of facts sufficient to put him on inquiry that the purchaser has divested himself of title, and who has succeeded to it, before he can be required to make the offer and tender to the alienee or grantee of the purchaser, or to any one else than the purchaser. In the absence of such notice, or of such information, it is to the purchaser only he can apply for redemption, and it is his title he proposes to acquire." Lehman & Co. v. Collins, 69 Ala. 127, 132. Of course, if the alienee takes and holds the land in actual visible possession, this is sufficient notice of the alienation and payment or tender must be then made to such alienee. Camp v. Simon, 34 Ala. 126. If the allegations of the bill are true, then complainant has already effected a complete redemption of the land, and Matthews' previous alienation to McKee, of which complainant had no notice, was without effect. Equally ineffective, also,

was the subsequent alienation from McKee to Thompson.

[2] These alienations, it is true, incumber the title with a cloud, which a chancery court will remove by cancellation; but the bill must, for that purpose, show that complainant is in possession of the land. Drum v. Bryan, 193 Ala. 395, 69 South. 483. As to this particular aspect of the bill, under the general prayer for relief, it was plainly subject to the demurrer.

[3] Unquestionably, complainant may, if he chooses, waive the effect of his redemption from Matthews, as well as the alleged illegality of the execution sale, and seek redemption from an alienee. Tested by the special prayers of the bill, its purpose seems to be to declare the execution sale void, or, in the alternative, to effect another redemption from Matthews' subalienee, Thompson. No facts are alleged to support the charge that the execution sale was illegal, or not binding on complainant, and in this aspect the bill was also subject to the demurrer.

[4, 5] Treated as a bill to redeem from Thompson, as the alienee of the title acquired by Matthews at the execution sale, the bill is defective in failing to allege that the amount tendered included all lawful charges of which complainant had notice, and was subject to the demurrer on that account. Fuller v. Varnum, 147 Ala. 336, 41 South. 777. So far as the timeliness of the tender is concerned, we think the bill shows a sufficient excuse for the delay in making the tender to Thompson.

[6] The several demurrers, and each of the grounds thereof, are addressed to the bill as a whole, and not severally to such particular aspect of the bill as each was appropriate to. The result is that, although the bill is defective in each of its three aspects, the demurrers, not being specifically addressed, were properly overruled. Worthington v. Miller, 134 Ala. 420, 32 South. 748.

[7] In the application of this rule of pleading, it must be noted that the allegations of the bill, upon which the alternative prayers are based, are not made disjunctively, and hence an insufficiency in one set of allegations does not render the whole bill bad on that ground alone, as was held in Henry v. Tennessee, etc., Co., 164 Ala. 376, 50 South. 1029.

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.