(110 So. 294)

## LAWSON v. HELMS. (7 Div. 625.)

(Supreme Court of Alabama. Nov. 4, 1926.)

1. **Vendor and purchaser** ⬅️308(7)—**No defense based on mere incumbrance on title can be made to action on purchase-money notes by purchaser, in possession under warranty deed.**

No defense, legal or equitable, based on mere incumbrance on title, can be made to action on purchase-money notes by purchaser or those claiming under him, in possession under warranty deed, in absence of fraud in sale or vendor's insolvency or inability to make good covenants in deed.

2. **Vendor and purchaser** ⬅️308(8)—**Notwithstanding vendor's failure to acquire outstanding interest, as agreed, purchase-mortgage note held due.**

Where vendor agreed to acquire outstanding interest in land and thereby give vendee, who went into possession, or his grantees, complete title, *held* that, notwithstanding vendor's failure to acquire outstanding title, purchase-mortgage note was legally and equitably due at maturity and bore interest from that date.

3. **Pleading** ⬅️381(3)—**Defense not pleaded is not available.**

Defense not pleaded in answer, even if proved, is not available.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Bill in equity by P. B. Lawson against W. P. Helms. Decree for respondent, and complainant appeals. Reversed and rendered.

The bill shows that one D. M. Miller executed to W. P. Helms a deed of trust to certain described lands, to secure an indebtedness due complainant Lawson, evidenced by three notes payable to complainant, the last of which was for $540, due and payable January 1, 1922; that thereafter Miller conveyed the lands to Helms, a part of the consideration being the assumption of the balance due to complainant on said notes; that Helms went into possession, claiming the lands as his own, and paid to complainant all but the last note for $540, due January 1, 1922, and paid, on January 2, 1922, on said note, $40, and $500, on February 10, 1925, but refuses to pay the balance due on said note. The bill further asserts:

"That complainant has a lien upon said lands for balance due on said note, by virtue of said deed of trust, which he is unable to enforce by reason of the said W. P. Helms being a trustee therein."

The prayer is for foreclosure, to enforce payment of the stated claim.

Respondent's answer alleges that, in 1914, R. L. Lawson purchased from Dyke V. Keedy a three-fourths undivided interest in the lands involved, taking a deed therefor; that it was agreed at the time that, if R. L. Lawson would deposit a certain sum of money in the bank, the same would be used in acquiring the outstanding one-fourth interest, which deposit was made; that thereafter R. L. Lawson undertook to convey the entire title to the complainant, W. P. Lawson, who had notice or knowledge of the outstanding title to an undivided one-fourth interest; that thereafter complainant, with notice aforesaid, conveyed the lands to Miller, for which said deed of trust and said notes were given as part payment of the purchase money; and that thereafter Miller conveyed to respondent, who assumed said deed of trust and said notes. It is further alleged that, some time before the maturity of the note involved in this suit, respondent went to complainant and inquired if the outstanding title to the one-fourth interest had been acquired, and, being informed that it had not, "informed complainant to take steps to acquire this title, and that he would not pay this last note until such outstanding title had been acquired"; that on January 2, 1922, complainant made demand upon respondent for payment of the note, which respondent declined until title to said one-fourth interest had been acquired, and that complainant and respondent went to the office of complainant's counsel, and, after consultation with said counsel, it was agreed that complainant would take steps to acquire said title (which was owned by three separate individuals), respondent being requested to give complainant 30 days for the purpose; that, on this date, respondent paid complainant $40, which was the accrued interest on the note, and notified complainant that he would not pay the balance or any interest thereon until the outstanding interest had been acquired. It is further alleged that complainant failed to secure said title within 30 days, but that in October, 1924, two quitclaim deeds, from two of the three parties, were filed for record in the probate office, and that between the first and tenth of February, 1925, complainant informed respondent that he had acquired quitclaim deed from the third party and requested respondent to pay the note. Thereafter, it is alleged, respondent tendered to complainant's counsel $500 in payment of the note, which was refused upon the ground that complainant demanded interest upon the same from maturity until date of tender; and thereafter respondent paid to said counsel $500, "which, he claims, is in full payment and satisfaction of said deed of trust and note."

The cause was submitted on pleadings and proof, as noted by the register, and the trial court rendered a decree denying the relief prayed and dismissing the bill. From this decree, complainant has appealed.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

E. O. McCord & Son, of Gadsden, for appellant.

A vendee in possession under deed with covenants of warranty cannot, unless there was fraud in the sale to him, or his vendor is insolvent, defeat the collection of the purchase money for defects in the title. Gillham v. Walker, 135 Ala. 459, 33 So. 537; Strong v. Waddell, 56 Ala. 473; Magee v. McMillan, 30 Ala. 420.

Hugh Reed, of Center, for appellee.

Appellant was bound, in full performance of his contract, to acquire the outstanding title, and appellee had a right to require full performance before payment. Taylor v. Newton, 152 Ala. 459, 44 So. 583; Ala. City, G. & A. R. Co. v. City of Gadsden, 185 Ala. 263, 64 So. 91, Ann. Cas. 1916C, 573.

SOMERVILLE, J.   [1] In the case of Magee v. McMillan, 30 Ala. 420, it was said:

"We think the doctrine must be regarded as settled in this state, that, where a sale of land is made by deed, with covenants of warranty, and the vendee has gone into possession under the contract, and he and those claiming under him have not been evicted, no defense, either at law or in equity, which rests on a mere incumbrance upon the title, can be made, unless there was fraud in the sale, or the vendor is insolvent, or unable to make good the covenants in his deed."

This principle has been repeatedly declared and applied by this court, not only to cases of incumbrance on the title, but also to cases where there was a failure of title, partial or total. Strong v. Waddell, 56 Ala. 471; Blanks v. Walker, 54 Ala. 117; Thompson v. Sheppard, 85 Ala. 618, 5 So. 334; Gillham v. Walker, 135 Ala. 459, 33 So. 537; Yarbrough v. Thornton, 147 Ala. 221, 42 So. 402; Edwards v. Kilgore, 192 Ala. 343, 68 So. 888.

[2] The application of this principle to the instant case leads to the conclusion that the mortgage note, the payment of which was withheld by respondent because of an outstanding interest in the land, was legally and equitably due on the day of its stipulated maturity, notwithstanding the partial failure of the title as alleged, and that it bore interest from that date.

Respondent seeks to avoid this result on the theory that complainant, as vendor of the land to Miller, respondent's grantor, had undertaken, as a condition precedent to the purchaser's payment of the mortgage notes—or, at least, a proportionate part of them—to acquire the outstanding one-fourth interest in the land, and thereby give to his vendee or his grantee a full and complete title.

[3] This contention is invalid for two reasons: (1) The testimony of Miller indicates no more than an "understanding" that the outstanding interest would be bought in by some one, and that he would get the benefit of it—thus falling very far short of establishing respondent's contention of complainant's obligation precedent. But, even conceding that this showed an undertaking by complainant to buy in the title at some future time, this would be no stronger than the undertaking in a bond for title, or the covenant in a deed, and could not change the principle applicable to a vendee in possession. (2) Respondent's answer contains no allegation of such an undertaking by complainant, and hence, even if proved, it would not be available, for want of appropriate allegation. Gilmer v. Wallace, 75 Ala. 220.

At the time respondent paid the principal of the note, due on January 2, 1922, there was also due thereon interest for 3 years, 1 month, and 8 days, at 8 per centum. For this amount ($124.20) complainant is entitled to relief in manner and form, as prayed in the bill, and, reversing the decree of the trial court, a decree will be here entered granting relief accordingly.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.