(121 So. 703)

**OLIVE v. FAYETTE COUNTY et al.**
**(6 Div. 58.)**

Supreme Court of Alabama. April 4, 1929.

W. L. Harris, of Fayette, for appellant.

S. T. Wright, of Fayette, Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for appellees.

SAYRE, J. Appellant brought his bill against Fayette county, the county commissioners of that county, and the state highway department, averring that he had sold and conveyed to the county a right of way through his property, which right of way would interfere with the use of his homestead and disrupt his orchard and garden, on consideration that the county would move his dwelling 375 or 400 feet, leave it in good shape, and dig a well that would furnish plenty of water at a place to be designated by appellant, etc., that the county had conveyed its rights in the premises to the state highway department, which had constructed a highway through his premises, but refused to execute the agreement in consideration of which he had executed the deed, and concluded with a prayer for specific performance. This in brief is the purport of the bill. A demurrer was sustained, and complainant has appealed.

The equity of appellant's bill was settled against him in Bromberg v. Eugenotto Construction Co., 158 Ala. 323, 48 So. 60, in which it was decided that equity will not decree the specific performance of a contract requiring some personal supervision and extending over a considerable period of time. Nor will the court retain the bill for the purpose of assessing compensation in damages, for it was held in the case cited above that, where the court has no jurisdiction to decree specific performance, and, as is the case here, no other special equity intervenes, the bill cannot be retained for the purpose of assessing damages in lieu of specific performance. Of interest in this connection will be found the case of Bridgeport Land & Imp. Co. v. American, etc., Car. Co., 94 Ala. 592, 10 So. 704.

There may be other reasons why the bill cannot be maintained against the highway department; but what we have said will suffice to dispose of this appeal.

The demurrer was properly sustained.

But appellant is not without remedy. The county is liable to suit in the ordinary forms. Code, § 181; 3 Mich. Dig. p. 714, § 105, and cases there cited. If appellant shall be able to establish the averments of his bill, and no special ground of defense has intervened, he will be entitled to his action at law against the county for compensation, the prescription of section 5680 of the Code being observed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.