139 So. 331

### WOOD et al. v. ESTES.
### 6 Div. 47.

Supreme Court of Alabama.

Jan. 21, 1932.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellee.

Basil A. Wood, of Birmingham, for appellants.

**KNIGHT, J.**

Complainant, appellee, avers in her bill that on June 19, 1928, Ida May Wood, one of the respondents, executed to Tom G. Estes a deed of conveyance, whereby she conveyed to said Estes the south half of lot 15, in block 2, according to the plan and survey of Woodcrest, a subdivision of the city of Birmingham, Ala., and this deed contained an agreement on the part of the grantor to pave the alley that was contiguous to, and immediately in the rear of, the property conveyed, and also to construct a sidewalk in front of this property.

It is further made to appear that Tom G. Estes is the husband of complainant, Elizabeth S. Estes, and that he, on the 28th day

of February, 1930, by deed, containing full covenants of warranty, conveyed this property to complainant, together with the agreement of Ida May Wood to construct the pavement and sidewalk, which she had obligated herself to do in her deed to Tom G. Estes.

The deed of Wood to Tom G. Estes was filed for record in the office of the judge of probate of Jefferson county on June 19, 1928, and the deed to complainant was filed on March 5, 1930.

The recited consideration of the deed from respondent Wood to Tom G. Estes was the "execution of a purchase money mortgage of even date with" the deed from grantor to grantee, securing $2,500, to be paid in five equal annual installments. The bill further avers that after the execution and delivery of the purchase-money mortgage and notes, Ida May Wood pledged this mortgage and the three unpaid notes to the respondent General Bond & Mortgage Company, Inc., to secure an indebtedness owed by her to the company, the amount of said indebtedness on information and belief, the complainant avers was $420, and matured on August 26, 1931. The bill also avers that note No. 3 secured by said mortgage matured June 19, 1931. The bill charge the said General Bond & Mortgage Company, Inc., with constructive notice of the agreement of Ida May Wood to construct the pavement and sidewalk, as the same is set forth in her deed to Tom G. Estes.

The complainant avers that said Ida May Wood has breached her agreement to pave the alley and to construct the sidewalk, and, by reason of this failure, she had been damaged in the sum of, to wit, $2,000, and which sum, she avers, is now due and unpaid, and should, in equity and good conscience, be applied upon the indebtedness secured by said mortgage. The bill was filed June 20, 1931.

The complainant seeks (1) that the court will ascertain and decree that complainant has been damaged to the extent of $2,000 by reason of the failure of the respondent, Ida May Wood, to construct the pavement and sidewalk, and for cancellation of said mortgage held by her upon the property, and for judgment for the excess against said Ida May Wood; (2) if mistaken in that prayer, prays for specific performance of the contract; and (3) if mistaken in the two previous prayers, prays for cancellation of so much of the mortgage indebtedness as exceeds the "$420.00 interest" of the General Bond & Mortgage Company, Inc., as pledgee of the debt, and for judgment against Ida May Wood for the excess. Usual general prayer follows.

To this bill, the two respondents, Ida May Wood and General Bond & Mortgage Company, Inc., filed separate demurrers, but each demurrer is similarly addressed, and is upon identically the same grounds. Thereafter, and before the submission, the respondent Ida May Wood filed additional grounds of demurrer. The demurrer filed by respondent Wood was directed to the bill in the following language: "And now comes respondent, Ida May Wood, and demurs to the bill of complaint in above cause, and to each paragraph thereof, separately and severally, and as grounds of demurrer, states as follows:"

In the case of Oden v. King, 216 Ala. 504, 113 So. 609, 610, 54 A. L. R. 1413, Mr. Justice Thomas, speaking for the court, says: "When a bill contains several aspects, the proper method of testing the pleading as a whole, and the several aspects thereof, is to address the demurrers to the bill as a whole, or to the aspect of the bill as the demurrer is appropriate and is desired to be challenged in such manner." Thompson v. Brown, 200 Ala. 382–384, 76 So. 298; Worthington v. Miller. 134 Ala. 420, 32 So. 748; Hudson v. Hudson, 204 Ala. 75, 85 So. 282; Bank v. Dunnavant, 204 Ala. 636, 639, 87 So. 105; City of Birmingham v. L. & N. R. R. Co., 216 Ala. 178, 112 So. 742.

It was also held in Oden v. King, supra, that a demurrer addressed to the bill as a whole, and separately and severally to each paragraph thereof, has the effect of a demurrer to the bill as a whole. So, in this case, we can only consider and treat appellant's demurrer as one directed against the bill as a whole, and cannot consider those assignments directed to the different paragraphs of the bill.

The appellee insists that, if each of the several aspects of the bill is defective, and subject to a properly directed demurrer, by reason of the manner in which the demurrers are addressed, the appellant can take nothing by her appeal, and cites in support of her contention Thompson v. Brown, 200 Ala. 382, 76 So. 298, 300. This would be true, if the bill in some one of its aspects contained equity. But a bill without equity in any of its aspects cannot stand. It must present *some matter* of equitable cognizance, or it must fall. In the Thompson Case, supra, the demurrers were filed to the bill as a whole, while the objections urged therein were appropriate only to the several aspects of the bill, and there was no ground of demurrer which tested the equity of the bill as a whole. In the case under consideration, there is a general demurrer in statutory form, which challenges the equity of the bill, and there is also the further ground that the bill shows on its face that the complainant has an adequate remedy at law, which is but the general demurrer in different language. Alabama Lime & Stone Co. v. Adams, 222 Ala. 538, 133 So. 580.

In the case of Oden v. King, supra, as well as in the later case of American-Traders' Nat. Bank et al. v. Henderson, 222 Ala. 426, 133 So. 36, this court held that if the demurrer is directed to the bill as a whole, and not to its respective aspects, it is error to sustain the same, where any one of the aspects presented by the bill is not subject thereto. Of course, this means, and can only mean, that if the bill does not, in some one of its aspects, contain equity, the demurrer thereto must be sustained. Indeed, this finds support in the case of Jasper Land Co. v. Manchester Sawmills, 209 Ala. 446, 449, 96 So. 417.

Appellee seems to recognize the above rule, for we find in her brief, under "Point One," the following: "A demurrer addressed to the bill as a whole, and separately and severally to each paragraph, has the effect of a demurrer to the bill as a whole, and cannot be sustained if there is any equity in the bill."

As we are not permitted to consider those grounds of demurrer which are only appropriate to different aspects of the bill, we are thus brought to a consideration of the one question: Does the bill, in any of its aspects, present a case for equitable cognizance? The appellee insists that it does, asserting that a court of equity has power to cancel a mortgage as a cloud on the title even though the property owner also may have an action at law for failure of the holder of the mortgage to enter satisfaction of record. In support of this proposition appellee cites the case of Kelly v. Martin, 107 Ala. 479, 18 So. 132. It requires but little argument to demonstrate that there is nothing in the above case to sustain appellee's contention in this regard. In the Martin Case, supra, the bill averred payment of the mortgage debt, and the court there said: "Notwithstanding section 1870 of the Code provides that 'the payment of a mortgage debt, whether the mortgage is of real or personal property, divests the title passing by the mortgage,' we are of opinion that the mortgagor of lands, *in possession*, having *fully paid the secured* debt, though possibly denied the right of a bill to redeem, as such, is entitled to go into a court of equity, and have *the payment established*, and the mortgage delivered up and canceled, as a cloud upon his title. The payment resting in parol, the evidence of it may be readily lost by the death, removal, or failure of recollection of witnesses, or other causes, while the mortgage outstanding contains within itself enduring evidence, prima facie, that the legal title has passed to the mortgagee, and still remains in him. It is manifest, therefore, that the mortgagor is subjected to the danger of the loss of his estate, unless some remedy is afforded him of *establishing the payment*, and withdrawing from the mortgagee the instrument of such possible loss, with which he is

armed. There is no other adequate remedy than a resort to a court of equity." Rea v. Longstreet, 54 Ala. 291; Lehman v. Shook, 69 Ala. 486; Jones v. De Graffenreid, 60 Ala. 145; Morgan v. Lehman, 92 Ala. 440, 9 So. 314.

To the same effect is the holding in the case of Bank of Henry v. Elkins, 165 Ala. 628, 51 So. 821. In this case, the court speaking through Justice McClellan said: "Courts of equity have jurisdiction to cancel and remove a specially described cloud upon the complainant's title, when the owner is in possession, and when the evidence of the alleged cloud is not void on its face, and extrinsic evidence is necessary to show its invalidity."

Unfortunately for appellee, the mortgage in this case is not merely a cloud on her title, but it is, on the contrary, a valid, legal, and subsisting incumbrance on the property, and by the terms of which only a part of the indebtedness secured by it is now due and payable. It has not been paid, and, confessedly, it is not infected with any invalidity whatsoever. Being a valid, legal, and subsisting incumbrance, the courts, for aught averred, cannot direct its cancellation until it is paid, according to its terms.

In further support of her contention that the bill contains equity, the appellee cites the case of Brown v. Scott, 87 Ala. 453, 6 So. 384. This case, as will appear from a reading of it, is not an authority in point. In that case, a man by the name of William Scott had executed two notes and a mortgage to Swan as trustee for Rowan, Dean & Company. These notes were transferred by Rowan, Dean & Company to Winfield Scott, who afterwards transferred them to Amelia C. and Lula D. Brown. Default occurring in the payment of this mortgage, Swan, as trustee, and Amelia C. and Lula D. Brown filed a bill for foreclosure of the mortgage, making the heirs at law of the mortgagor (who was then dead) parties defendant. All the heirs, except Winfield Scott (who was also an heir at law of the mortgagor) filed a cross-bill in the cause, alleging that said Winfield Scott was indebted to the estate of the mortgagor, and seeking, among other things, to set off that indebtedness against the mortgage debt, or against any balance that might be due and owing to Winfield Scott in excess of the amount of his indebtedness to Amelia C. and Lula D. Brown. The court allowed the set-off, observing that the defendants had a clear equity to set off the indebtedness of Winfield Scott to the estate against any excess due him on the mortgage, over the amount due and owing to the Browns, and that the decree should be so molded as to effectuate a complete adjustment of the rights and equities of the parties. In the case, the court had acquired jurisdiction for the purpose of foreclosure, and, having acquired it for that purpose, would

retain it for the purpose of adjusting all matters of dispute between the parties growing out of the controversy, or incident thereto. Bethea v. Bethea, 139 Ala. 505, 35 So. 1014; West v. West, 90 Ala. 458, 7 So. 830; Stein v. McGrath, 128 Ala. 175, 30 So. 792; Marshall v. Marshall, 86 Ala. 383, 5 So. 475; Virginia & Ala. M. & M. Co. v. Hale & Co., 93 Ala. 542, 9 So. 256.

The bill, so far as regards its first and third aspects, is without equity.

The second aspect presents the question of specific performance. It should suffice to say that no argument is advanced by appellee to show that the bill in this aspect contains equity. Clearly it does not. Olive v. Fayette County, 219 Ala. 172, 121 So. 703; Lawson v. Helms, 215 Ala. 190, 110 So. 294; Hunt v. Jones, 203 Ala. 541, 84 So. 718; Bell v. Thompson, 34 Ala. 633.

That the complainant's demand against defendant Wood is purely legal, and capable of being fully and adequately ascertained and enforced by an action at law, as for any thing averred in the bill, seems clear to us. She can either sue at law for the breach of the contract, or she can have the alley paved and the sidewalk constructed, and then maintain an action for the reasonable cost of the construction. Authorities, supra.

Inasmuch as the equity court, under the averments of complainant's bill, cannot decree specific performance, and cannot decree cancellation of the mortgage, the bill cannot be retained for the purpose of assessing complainant's damages as for the breach of the alleged contract.

It results, therefore, that complainant's bill is, in each and all aspects, without equity. The court below should have sustained appellant's demurrer thereto, and for this error, the decree of the circuit court is reversed.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.