148 So. 435

## O'REAR et al. v. KIMBRO.
### 6 Div. 281.

Supreme Court of Alabama.

May 25, 1933.

Bolivar B. O'Rear, of Jasper, for appellants.

W. W. Bankhead, of Jasper, for appellee.

KNIGHT, Justice.

The appellants, their wives joining, executed and delivered to A. A. Pearce, deceased, on the 2d day of February, 1926, a mortgage on certain lands in Marion county, Ala., to secure the payment of two promissory notes, due one and two years after date, each in the sum of $2,000, and bearing interest from date.

The mortgage contained the following statement as to its consideration: "The sum secured hereby being the balance of the purchase price of lands, minerals and mining rights, described in a deed of A. A. Pearce and wife to the undersigned mortgagors, dat-

ed Feb. 1, 1926, warranted free from all incumbrances and against any adverse claims."

Shortly after the execution and delivery of this mortgage, the mortgagee Pearce died, and the appellee, his widow, was duly appointed administratrix of his estate. (Mrs. Pearce has since remarried and is now Mrs. Kimbro.) After her appointment as administratrix of Pearce's estate, two payments, one for $500, and the other for $2,000, were made by the mortgagors on the indebtedness secured by the mortgage. Failing to make further payments after demand therefor, Mrs. Kimbro, as administratrix of the estate of her deceased husband, proceeded to advertise the property for sale under the power contained in the mortgage. Pending this sale, the mortgagors filed the present bill against Mrs. Kimbro as such administratrix for redemption of the property, and charging that, in the sale of the lands by Pearce and wife to them, Pearce agreed to perform certain services in and about the remedying of some defects in the title to the land, for which he was to be paid $1,000, and that this sum was carried into, and constituted a part of, the indebtedness for $4,000 secured by the mortgage; and that Pearce had failed to perform, in a large measure, the obligation he had assumed with reference to curing the defects in the title to some of the land conveyed by him to them.

It is nowhere averred in the bill what defects or imperfections there were to be cured, nor is it averred what, if anything, it cost the mortgagors to remedy the defects, nor is it averred that they, in fact, sustained any loss thereby.

The complainants seek to have the mortgage debt credited with the amount of the agreed price to be paid Pearce for the services contracted for, less the reasonable value of any service actually performed, upon the theory of a partial failure of consideration.

The bill also avers that the "said mortgage has been fully paid by the complainants and complainants are entitled to redeem the lands involved in this mortgage without further cost to the complainants. That in the event the court finds that the mortgage debt has not been fully paid, and that there is a balance due the defendant under the mortgage, the complainants are ready and willing to pay any balance found to be due the defendant under the mortgage."

The prayer of the bill is:

"1. That the defendant through her attorney J. C. Shepherd be enjoined from the proceeding further with the sale of said lands for the satisfaction of the mortgage executed by the complainants to the said A. A. Pearce on February 2, 1926, until the court can ascertain whether or not the mortgage has been fully paid or what balance is due on the mortgage.

"2. That the complainants are entitled to a credit of $1000.00 on the said mortgage.

"3. That the consideration of the said mortgage fails and the mortgage is void.

"4. For such other further and general relief as they may have shown themselves entitled to in the premises."

The circuit judge, upon the filing of this bill, granted a temporary injunction, as prayed for therein.

To this bill, the respondent filed her answer denying that any part of the consideration was for services to be rendered by the said A. A. Pearce in perfecting titles to said land, and averred in effect that the consideration of the mortgage was as stated therein, viz., to secure the balance of the purchase money due on the sale of said lands to the said O'Rear and Stubblefield. The respondent averred that only two payments had been made on the mortgage indebtedness—one for $500, and the other for $2,000; and that there remained a balance due on said mortgage of $2,229.71, "together with interest thereon from May 26, 1928."

Along with her answer, and incorporated therein, the respondent assigned a number of grounds of demurrer to the bill. We find, however, no ruling of the court upon the demurrer, and we are therefore at liberty to treat the same as having been waived or abandoned. Elyton Land Co. v. Morgan, 88 Ala. 434, 7 So. 249; American Mortgage Co. of Scotland v. Inzer, 98 Ala. 608, 13 So. 507; Alabama Mid. Ry. Co. v. McDonald, 112 Ala. 216, 20 So. 472.

At a later date, the respondent amended her answer, and made it a cross-bill, naming the complainants in the original bill as defendants thereto.

In her cross-bill, the complainant prayed the ascertainment of the balance due on the indebtedness, the allowance of a reasonable attorney's fee, and for foreclosure of the mortgage.

On final hearing, the court denied relief to the complainants in the original bill, and dismissed their bill, but granted cross-complainant relief, ascertaining the balance due on the mortgage, exclusive of attorney's fee to be the sum of $2,944.84, and also allowing and fixing the sum of $300 as a reasonable fee to be paid cross-complainant's solicitors.

By its decree, the court allowed the mortgagors—cross-defendants—sixty days from the date of the enrollment of the decree within which to pay the principal, interest, solicitors' fees, and court costs therein adjudged to be due by them.

Upon the failure of the complainants (cross-defendants) to pay the amount fixed by the court within the time specified in the decree, the register was directed to sell the lands, in accordance with the terms of the decree,

for satisfaction of the costs and indebtedness as ascertained and fixed by the court.

The decree contains the following final clause: "Nothing herein contained shall operate to prejudice nor bar the complainant and cross-defendant from taking any steps that they may deem proper or advisable to take looking to the bringing of suit for, or the collection of any damages or compensation they may claim they are entitled to by virtue of the alleged breach of contract alleged to have been entered into between said complainants and cross-defendants with A. A. Pearce for clearing the titles to lands belonging to said complainants and cross-defendants."

Of course, the complainants could not maintain a bill in equity for the enforcement of a purely legal right, cognizable in a court of law, and unless some independent matter of equitable cognizance is brought forward in the bill, a court of equity would be without jurisdiction. Hunt v. Jones et al., 203 Ala. 541, 84 So. 718; Ashurst v. Ashurst, 175 Ala. 667, 57 So. 442; Gulf Compress Co. v. Harris, etc., Co., 158 Ala. 343, 48 So. 477, 24 L. R. A. (N. S.) 399; Gulf Compress Co. v. Sykes-Tweedy & Co., 159 Ala. 669, 48 So. 481; Gulf Compress Co. v. Jones Cotton Co., 159 Ala. 670, 48 So. 481.

But where, as in this case, a court of equity has acquired jurisdiction for the purpose of effectuating redemption, it will retain it for the purpose of adjusting all matters of dispute between the parties growing out of the controversy, or incident thereto. Wood v. Estes, 224 Ala. 140, 139 So. 331; Bethea v. Bethea, 139 Ala. 505, 35 So. 1014.

If there was in fact an agreement on the part of A. A. Pearce, deceased, to render services for the complainants, in perfecting the titles to the lands, which Pearce and wife had sold to the complainants, and the amount agreed to be paid Pearce for such services was carried into, and constituted a part of the indebtedness secured by the mortgage, and Pearce died before performing the service, the complainants would be entitled, in an action brought against them on the notes, to plead these facts by way of a partial failure of consideration. In support of this proposition citation of authority is not necessary.

While the bill does, in a way, set up this partial failure of consideration, yet it also otherwise shows and asserts an independent equity, namely redemption of the lands from the mortgage. This being true, whether the relief sought was cognizable at law, or not, would not prevent the court from granting relief to complainants to the extent of their damages by reason of the failure of the said Pearce to perform the services, which he contracted to perform, if there was such a contract, and this upon the stated theory of a partial failure of consideration.

The complainants having accepted the deed from Pearce, and having executed a mortgage back to Pearce, in which it is expressly recited that the debt secured by it was the balance of the purchase price of the lands, the burden of proof was and is on the complainants to show, to the reasonable satisfaction of the court, that an agreed amount for personal services, to be rendered by Pearce to the mortgagors, constituted in fact a part of the indebtedness of the complainants to the said Pearce, or that Pearce was otherwise indebted to them by reason of his failure to perform the services which the bill alleges he promised to perform. Whitley v. Lide et al., 139 Ala. 177, 35 So. 705.

There is in the record much testimony given by the complainants, O'Rear and Stubblefield, which was incompetent, and cannot be considered. Under the plain terms of section 7721 of the Code, the complainants—mortgagors—having a pecuniary interest in the result of the suit, could not testify as to "any transaction with, or statement by, A. A. Pearce, whose estate was, and is, interested in the result of this suit." As was observed by Brickell, C. J., in Boykin v. Smith, 65 Ala. 294, 299: "If death has sealed the lips of one party, the law intends, as to this species of evidence, to seal the lips of the living." Jernigan v. Gibbs, 206 Ala. 93, 94, 89 So. 196. And by section 6565 of the Code, it is provided that, in the trial of equity cases, the court shall consider only such testimony as is "relevant, material and competent, and shall exclude and not consider any testimony which is irrelevant, immaterial or incompetent, whether objection shall have been made thereto or not, and on appeal the supreme court shall consider only the testimony which is relevant, material and competent."

After excluding from consideration in the case, the incompetent testimony given by the said O'Rear and Stubblefield, the testimony wholly fails to establish the contention of complainants. And, therefore, the asserted claim of a partial failure of consideration must fall.

The court properly ascertained the indebtedness of complainants, and properly decreed that the $4,000 secured by the mortgage represented the purchase price of the land, then unpaid.

However, the court committed error in denying relief to the complainants under their bill to the extent of ascertaining the mortgage indebtedness, and permitting redemption thereunder. This error was rendered harmless, in result, inasmuch as the court, under the cross-bill, ascertained the debt, costs, and fees, and gave the complainants the right to pay the same within sixty days, and thereby to redeem their lands. This secured to complainants all the relief they were entitled to under their original bill.

The appellants by their sixth assignment of error, as well as by others, present for review the refusal of the court to allow them "a credit on said mortgage indebtedness of $1,000.00 for the breach by A. A. Pearce of his agreement to perfect the titles to the lands described in the bill." This squarely presents for our consideration the right of appellants to this credit. As heretofore pointed out, we are of the opinion the complainants have failed to establish their said claim or demand, and therefore were not entitled to the claimed credit.

The decree of the circuit court will be here corrected by striking from it the clause which would permit the complainants to again litigate with the administratrix of the estate of A. A. Pearce over the identical claim brought forward by the complainants in their bill. The complainants will not be allowed to twice litigate over the same matter. We have here concluded this contention against the complainants.

As corrected, the decree of the circuit court will be, and is, affirmed.

Let the appellants pay the cost accruing in the court below, as well as on this appeal.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.