5 So.2d 616

## MARION COUNTY v. HANKINS et al.

### 6 Div. 917.

Supreme Court of Alabama.

Jan. 15, 1942.

Fite and Fite, of Hamilton, and Arthur Fite, of Jasper, for appellant.

R. G. Redden, of Vernon, for appellees.

BROWN, Justice.

This is a bill by landowners against the County seeking to abate an alleged nuisance caused by the obstruction of the natural flow of surface water and turning it into a different channel on to the lands of complainants the result of building or improving one of the defendant's highways.

The defendant demurred to the bill on numerous grounds, among others, that the bill is without equity and that the complainants' remedy at law was adequate and complete. The demurrer was overruled and from that decree the defendant prosecutes this appeal.

The equity of the bill, if it has equity, must be found in the averments of paragraphs three and four which we here reproduce.

"Complainant would further show unto Your Honors that about the year of 1939, that a road was constructed over and across the said land, by the servants and employees of the said Marion County, while they were acting within the line and scope of their employment and under order legally and duly made by said Marion County, thru its Court of County Commissioners and that said road was not constructed properly and that in the construction of said road, the water that had formerly accumulated and that accumulated on said land and on adjacent land was caused to run over, across

and on said land at a place that was not the natural waterway of course of said water and that said water caused *said land or a great part of said land to become flooded, damaged, water logged and ruined and made unfit for cultivation and that said water washed great holes and gullies in said land and has rendered it unfit for cultivation and for any purpose whatsoever,* and that the market price of said land has been greatly reduced and the rental value of said land has been greatly reduced and that growing crops for the years of 1938, 1939, and 1940, have been lost and ruined, from said overflow and complainants have suffered annoyance, pecuniary loss and time and money and effort in their attempt to alleviate these matters set out; that said water flowing on complainants land is a nuisance, and that it is a continuous source of annoyance, disturbance, irritation, vexation, harm, injury and damage to complainants and that the same is more damaging part of the time than at others but is always present and continuous; that it is within the power of respondent in this cause to stop this nuisance and though having knowledge of the same has wholly failed and refused to remedy this matter." [Italics supplied.]

"Complainants would further show that they have requested members of the Court of County Commissioners of Marion County, to remedy the matters alleged herein and to take the proper steps to keep their property from being damaged further and that they have done nothing to prevent further damage of same and they allege that they are suffering irreparable damage to said land that the value of said land will be further diminished in the future if said conditions hereinbefore described are allowed to continue to exist and complainants allege that all of said damage and facts enumerated are the proximate result and consequence of the acts of respondent in the construction of said road improperly in so far as the disposal of the water-fall is concerned."

Taking as true these averments, they show such physical disturbance and ruination of the complainants' lands in consequence of the construction or improvement of the defendant's highway which amounts to an injury or taking of private property for the public use within the letter and spirit of § 235 of the Constitution; an injury or loss to complainants compensable in money, for which a single action at law will afford an adequate remedy. Morgan County v. Standridge, 235 Ala. 486, 179 So. 912; City of Birmingham v. Flowers, 224 Ala. 279, 140 So. 353.

The decree of the circuit court is reversed, and the cause is remanded. If the bill is not amended so as to give it equity the case should be transferred to the law docket. Rule 113 Equity Practice, Code of 1940, Tit. 7, Appendix, p. 1123; Olive v. Fayette County, 219 Ala. 172, 121 So. 703.

Reversed and remanded.

GARDNER, C. J., THOMAS and FOSTER, JJ., concur.